**Commonwealth of Massachusetts**
**County of Norfolk**
**The Superior Court**

CIVIL DOCKET#: **NOCV2004-00558-B**

RE: Abc Mortgage Corporation fka v Scottsdale Insurance Company

TO: Catherine N O'Donnell, Esquire
Robinson & Cole LLP
1 Boston Place
Boston, MA 02108

**NOTICE OF DOCKET ENTRY**

You are hereby notified that on **04/28/2004** the following entry was made on the above referenced docket:

**Case REMOVED this date to US District Court of Massachusetts**

Dated at Dedham, Massachusetts this 19th day of May, 2004.

Walter F. Timilty,
Clerk of the Courts

BY:
Assistant Clerk

Telephone: (781) 326-1600

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: NOCV2004-______

04 00558

ABC MORTGAGE CORPORATION f/k/a JOHN G. MACLEOD d/b/a ABC MORTGAGE COMPANY,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

Defendant.

RECEIVED & FILED 4/1/04 CLERK OF THE COURTS NORFOLK COUNTY

**COMPLAINT AND JURY DEMAND**

PARTIES

1. ABC Mortgage Corporation f/k/a John G. Macleod d/b/a ABC Mortgage Company (hereinafter "ABC") is a Massachusetts Corporation located at 42 Holbrook Avenue Braintree, Massachusetts.

2. Scottsdale Insurance Company (hereinafter "Scottsdale") is an Ohio Corporation with a Home Office located at One Nationwide Plaza, Columbus, Ohio and an Administrative Office located at 8877 North Gainey Center Drive, Scottsdale, Arizona.

FACTS COMMON TO ALL COUNTS

3. From December 14, 2000 through December 14, 2001, ABC was insured by Scottsdale Commercial General Liability Policy Number CPS0394681.

4. That policy was renewed, and from December 14, 2001 through December 14, 2002, ABC was insured by Scottsdale Commercial General Liability Policy Number CPS0394681.

5. During the initial policy and the renewal period, the Scottsdale policy insured ABC for, among other things, property damage caused by an occurrence.

6. On October 16, 2002, Thomas Mulhern — individually and on behalf of a class of all persons and entities similarly situated — filed a complaint in Worcester Superior Court, WOCV2002-02213 ("the Mulhern Complaint"), against ABC for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

7. In his complaint, Mulhern alleges that ABC violated the TCPA by intentionally or negligently sending him via facsimile unsolicited advertisements for goods and services.

8. Mulhern alleges that he received from ABC some seventeen unsolicited facsimiles between December 26, 2000 and January 28, 2002.

9. On or about November 12, 2002, Scottsdale was notified of the Mulhern Complaint.

10. On or about December 3, 2002, Scottsdale sent ABC a written denial of coverage, simply stating that "[n]one of the allegations contained in the [Mulhern] Complaint constitute an 'occurrence' resulting in . . . 'property damage.'"

11. On March 28, 2003, ABC's counsel sent a proper G.L. c. 93A demand letter to Charles Buchanan of Scottsdale, demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

12. The March 28, 2003 letter set forth specific controlling case law illustrating that ABC was entitled to defense and indemnification under the Scottsdale policies.

13. On April 3, 2003, Dean Clause of Scottsdale informed ABC's counsel that Scottsdale had retained local coverage counsel to provide a coverage opinion.

14. After hearing nothing further from Scottsdale, on June 5, 2003, ABC's counsel sent Mr. Clause further correspondence requesting an update on Scottsdale's position.

15. On June 6, 2003, Mr. Clause responded to ABC's counsel's inquiry, stating that he hoped to be able to discuss Scottsdale's position the following week.

16. After again hearing nothing further from Scottsdale, on July 8, 2003, ABC's counsel sent Mr. Clause further correspondence requesting an update on Scottsdale's position.

17. Without further information forthcoming from Scottsdale, on July 21, 2003, ABC's counsel sent a second proper demand letter under G.L. c. 93A to Scottsdale, again demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

18. On July 28, 2003, Mr. Clause wrote ABC's counsel, stating that Scottsdale's coverage counsel was performing an "exhaustive and complete evaluation of this issue" and that he expected a coverage opinion by the first week of August 2003.

19. On July 30, 2003, Scottsdale wrote to ABC's counsel, rejecting ABC's demand for defense and indemnification for the Mulhern Complaint.

20. In its July 30, 2003 letter, Scottsdale failed to acknowledge and distinguish specific case law cited by ABC in its March 28, 2003 letter.

21. On August 14, 2003, ABC's counsel sent a third proper G.L. c. 93A demand letter to Scottsdale, demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

22. ABC's counsel's August 14, 2003 letter set forth in great detail specific legal argument demonstrating why Scottsdale's position was an error of law and fact.

23. On October 6, 2003, Scottsdale's coverage counsel provided a response to ABC's August 14, 2003 letter, again denying coverage under the Scottsdale policy.

**Count I — Declaratory Judgment**

24. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 23 of this Complaint.

25. ABC was insured by a Scottsdale Commercial General Liability policy, number CPS0394681, from December 14, 2000 through December 14, 2002.

26. That policy provided for coverage of property damage caused by an occurrence.

27. The Mulhern Complaint alleges property damage caused by an occurrence within the policy periods.

28. Scottsdale has wrongfully failed to provide plaintiff with defense and indemnity to the Mulhern Complaint.

WHEREFORE, ABC requests that this court enter judgment against Scottsdale and declare that Scottsdale must defend and indemnify ABC under the subject policy as to the claims made in the Mulhern Complaint. Additionally, ABC requests the further relief listed below.

**Count II — Breach of Contract**

29. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 28 of this Complaint.

30. ABC was insured by a Scottsdale Commercial General Liability policy, number CPS0394681, from December 14, 2000 through December 14, 2002.

31. The Scottsdale Commercial General Liability policy is a contract.

32. That policy provided for coverage of property damage caused by an occurrence.

33. The Mulhern Complaint alleges property damage caused by an occurrence within the policy periods.

34. Scottsdale breached its contract with plaintiff by failing to provide defense and indemnity to the Mulhern complaint.

WHEREFORE, ABC requests that this court enter judgment against Scottsdale for breach of contract and award plaintiff all damages to which he is entitled under the law. Additionally, ABC requests the further relief listed below.

**Count III — Violation of G.L. c. 93A**

35. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 34 of this Complaint.

36. Defendant Scottsdale's breach of contract is a violation of G.L. c. 93A.

37. Defendant Scottsdale's acts and/or omissions described above violate the following provisions, if not others, of G.L. c. 176D, § 3(9):

    (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

    (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    (d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    (f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and

(n) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

38. A violation of any provision of G.L. c. 176D, § 3(9) is, in turn, a violation of G.L. c. 93A.

WHEREFORE, plaintiff requests a judgment against defendant Scottsdale, declaring as follows:

A. That Scottsdale breached its contracts with ABC;

B. That Scottsdale is required to defend ABC in the Mulhern action;

C. That Scottsdale is required to indemnify ABC in the Mulhern action;

D That Scottsdale is obligated to pay interest, costs and attorney's fees incurred in defending the underlying action;

E. That Scottsdale is obligated to pay double or treble damages, costs and attorney's fees pursuant to G.L. c. 93A; and

F. That plaintiff be awarded all other relief allowed by law or in equity which the Court deems appropriate and just.

**JURY CLAIM**

The plaintiff claims a trial by jury of each claim and defense so triable.

Plaintiff,
ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD d/b/a ABC
MORTGAGE COMPANY,
By its attorneys,

[signature]

William D. Chapman, BBO #551261
Keith L. Sachs, BBO #634025
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Date: 3/25/04

A TRUE COPY
Attest: Mary E. Kenney
Deputy Assistant Clerk
5/19/04

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04 00558 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| ABC Mortgage Corporation f/k/a John G. Macleod d/b/a ABC Mortgage Company | Scottsdale Insurance Company |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: Keith L. Sachs, Melick, Porter & Shea, LLP, 28 State St. Boston, MA 02109 (617) 523-6200 | ATTORNEY (if known) |
| Board of Bar Overseers number: 634025 | |

B

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( A ) | ( X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:

1. Total hospital expenses .......... $..........
2. Total Doctor expenses .......... $..........
3. Total chiropractic expenses .......... $..........
4. Total physical therapy expenses .......... $..........
5. Total other expenses (describe) .......... $..........

**Subtotal $..........**

B. Documented lost wages and compensation to date .......... $..........

C. Documented property damages to date .......... $..........

D. Reasonably anticipated future medical and hospital expenses .......... $..........

E. Reasonably anticipated lost wages .......... $..........

F. Other documented items of damages (describe)

$..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$..........

**TOTAL $..........**

RECEIVED & FILED 4/1/04 CLERK OF THE COURTS NORFOLK COUNTY

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff purchased commercial general liability insurance from defendant which was in effect from 12/14/00 to 12/14/02. Claims in the coverage period allegingproperty damage caused by an occurrence was reported to defendant, but defendant has failed to defend and indemnify plaintiff. The total amount of damages is unknown, but to date damages are approximately $100,000.

**TOTAL $. 100,000**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 3/29/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**A TRUE COPY**

Attest: Mary E. Kenney 5/19/04

Deputy Assistant Clerk

3.0

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT
CIVIL DOCKET NO.: NOCV2004-00558

ABC MORTGAGE CORPORATION f/k/a JOHN G. MACLEOD d/b/a ABC MORTGAGE COMPANY

PLAINTIFF,

V.

SCOTTSDALE INSURANCE COMPANY

DEFENDANT.

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
4/28/04

**NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on April 26, 2004, defendant Scottsdale Insurance Company filed in the United States District Court for the District of Massachusetts, a Notice of Removal of Action to Federal Court. A true and correct copy of the Notice of Removal is attached hereto as Exhibit 1.

**DEFENDANT,**
**SCOTTSDALE INSURANCE COMPANY**
By its attorneys,

Catherine N. O'Donnell

Stephen J. Abarbanel, BBO # 010100
Catherine N. O'Donnell, BBO # 634719
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

Dated: April 26, 2004

A TRUE COPY
Attest: Mary E. Kinney
Deputy Assistant Clerk
5/19/04

**CERTIFICATE OF SERVICE**

I, Catherine N. O'Donnell, hereby certify that on this 26th day of April, 2004, I served a true copy of the foregoing document via first-class mail, postage prepaid, upon the following:

William D. Chapman
Keith L. Sachs
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109

Catherine N. O'Donnell

105

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: NOCV2004-00550

CPS0394681
825650-78

******************************************

ABC MORTGAGE CORPORATION f/k/a JOHN G. MACLEOD d/b/a ABC MORTGAGE COMPANY,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

Defendant.

******************************************

**COMPLAINT AND JURY DEMAND**

PARTIES

1. ABC Mortgage Corporation f/k/a John G. Macleod d/b/a ABC Mortgage Company (hereinafter "ABC") is a Massachusetts Corporation located at 42 Holbrook Avenue Braintree, Massachusetts.

2. Scottsdale Insurance Company (hereinafter "Scottsdale") is an Ohio Corporation with a Home Office located at One Nationwide Plaza, Columbus, Ohio and an Administrative Office located at 8877 North Gainey Center Drive, Scottsdale, Arizona.

FACTS COMMON TO ALL COUNTS

3. From December 14, 2000 through December 14, 2001, ABC was insured by Scottsdale Commercial General Liability Policy Number CPS0394681.

4. That policy was renewed, and from December 14, 2001 through December 14, 2002, ABC was insured by Scottsdale Commercial General Liability Policy Number CPS0394681.

5. During the initial policy and the renewal period, the Scottsdale policy insured ABC for, among other things, property damage caused by an occurrence.

6. On October 16, 2002, Thomas Mulhern — individually and on behalf of a class of all persons and entities similarly situated — filed a complaint in Worcester Superior Court, WOCV2002-02213 ("the Mulhern Complaint"), against ABC for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

7. In his complaint, Mulhern alleges that ABC violated the TCPA by intentionally or negligently sending him via facsimile unsolicited advertisements for goods and services.

8. Mulhern alleges that he received from ABC some seventeen unsolicited facsimiles between December 26, 2000 and January 28, 2002.

9. On or about November 12, 2002, Scottsdale was notified of the Mulhern Complaint.

10. On or about December 3, 2002, Scottsdale sent ABC a written denial of coverage, simply stating that "[n]one of the allegations contained in the [Mulhern] Complaint constitute an 'occurrence' resulting in . . . 'property damage.'"

11. On March 28, 2003, ABC's counsel sent a proper G.L. c. 93A demand letter to Charles Buchanan of Scottsdale, demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

12. The March 28, 2003 letter set forth specific controlling case law illustrating that ABC was entitled to defense and indemnification under the Scottsdale policies.

13. On April 3, 2003, Dean Clause of Scottsdale informed ABC's counsel that Scottsdale had retained local coverage counsel to provide a coverage opinion.

14. After hearing nothing further from Scottsdale, on June 5, 2003, ABC's counsel sent Mr. Clause further correspondence requesting an update on Scottsdale's position.

15. On June 6, 2003, Mr. Clause responded to ABC's counsel's inquiry, stating that he hoped to be able to discuss Scottsdale's position the following week.

16. After again hearing nothing further from Scottsdale, on July 8, 2003, ABC's counsel sent Mr. Clause further correspondence requesting an update on Scottsdale's position.

17. Without further information forthcoming from Scottsdale, on July 21, 2003, ABC's counsel sent a second proper demand letter under G.L. c. 93A to Scottsdale, again demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

18. On July 28, 2003, Mr. Clause wrote ABC's counsel, stating that Scottsdale's coverage counsel was performing an "exhaustive and complete evaluation of this issue" and that he expected a coverage opinion by the first week of August 2003.

19. On July 30, 2003, Scottsdale wrote to ABC's counsel, rejecting ABC's demand for defense and indemnification for the Mulhern Complaint.

20. In its July 30, 2003 letter, Scottsdale failed to acknowledge and distinguish specific case law cited by ABC in its March 28, 2003 letter.

21. On August 14, 2003, ABC's counsel sent a third proper G.L. c. 93A demand letter to Scottsdale, demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

22. ABC's counsel's August 14, 2003 letter set forth in great detail specific legal argument demonstrating why Scottsdale's position was an error of law and fact.

23. On October 6, 2003, Scottsdale's coverage counsel provided a response to ABC's August 14, 2003 letter, again denying coverage under the Scottsdale policy.

**Count I — Declaratory Judgment**

24. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 23 of this Complaint.

25. ABC was insured by a Scottsdale Commercial General Liability policy, number CPS0394681, from December 14, 2000 through December 14, 2002.

26. That policy provided for coverage of property damage caused by an occurrence.

27. The Mulhern Complaint alleges property damage caused by an occurrence within the policy periods.

28. Scottsdale has wrongfully failed to provide plaintiff with defense and indemnity to the Mulhern Complaint.

WHEREFORE, ABC requests that this court enter judgment against Scottsdale and declare that Scottsdale must defend and indemnify ABC under the subject policy as to the claims made in the Mulhern Complaint. Additionally, ABC requests the further relief listed below.

**Count II — Breach of Contract**

29. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 28 of this Complaint.

30. ABC was insured by a Scottsdale Commercial General Liability policy, number CPS0394681, from December 14, 2000 through December 14, 2002.

31. The Scottsdale Commercial General Liability policy is a contract.

32. That policy provided for coverage of property damage caused by an occurrence.

33. The Mulhern Complaint alleges property damage caused by an occurrence within the policy periods.

34. Scottsdale breached its contract with plaintiff by failing to provide defense and indemnity to the Mulhern complaint.

WHEREFORE, ABC requests that this court enter judgment against Scottsdale for breach of contract and award plaintiff all damages to which he is entitled under the law. Additionally, ABC requests the further relief listed below.

**Count III — Violation of G.L. c. 93A**

35. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 34 of this Complaint.

36. Defendant Scottsdale's breach of contract is a violation of G.L. c. 93A.

37. Defendant Scottsdale's acts and/or omissions described above violate the following provisions, if not others, of G.L. c. 176D, § 3(9):

    (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

    (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    (d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    (f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and

(n) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

38. A violation of any provision of G.L. c. 176D, § 3(9) is, in turn, a violation of G.L. c. 93A.

WHEREFORE, plaintiff requests a judgment against defendant Scottsdale, declaring as follows:

A. That Scottsdale breached its contracts with ABC;

B. That Scottsdale is required to defend ABC in the Mulhern action;

C. That Scottsdale is required to indemnify ABC in the Mulhern action;

D That Scottsdale is obligated to pay interest, costs and attorney's fees incurred in defending the underlying action;

E. That Scottsdale is obligated to pay double or treble damages, costs and attorney's fees pursuant to G.L. c. 93A; and

F. That plaintiff be awarded all other relief allowed by law or in equity which the Court deems appropriate and just.

**JURY CLAIM**

The plaintiff claims a trial by jury of each claim and defense so triable.

Plaintiff,
ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD d/b/a ABC
MORTGAGE COMPANY,
By its attorneys,

William D. Chapman, BBO #551261
Keith L. Sachs, BBO #634025
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Date: 3/26/04

**CIVIL ACTION COVER SHEET**

DOCKET NO.(S) NOCV2004-00558

**Trial Court of Massachusetts**
**Superior Court Department**
County: Norfolk

PLAINTIFF(S)
ABC Mortgage Corporation f/k/a John G. Macleod d/b/a ABC Mortgage Company

DEFENDANT(S)
Scottsdale Insurance Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Keith L. Sachs, Melick, Porter & Shea, LLP, 28 State St. Boston, MA 02109 (617) 523-6200
Board of Bar Overseers number: 634025

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( A ) | ( X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ $........
2. Total Doctor expenses ........ $........
3. Total chiropractic expenses ........ $........
4. Total physical therapy expenses ........ $........
5. Total other expenses (describe) ........ $........
$........
Subtotal $........

B. Documented lost wages and compensation to date ........ $........
C. Documented property damages to date ........ $........
D. Reasonably anticipated future medical and hospital expenses ........ $........
E. Reasonably anticipated lost wages ........ $........
F. Other documented items of damages (describe) ........ $........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $........

$........
TOTAL $........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff purchased commercial general liability insurance from defendant which was in effect from 12/14/00 to 12/14/02. Claims in the coverage period alleging property damage caused by an occurrence was reported to defendant, but defendant has failed to defend and indemnify plaintiff. The total amount of damages is unknown, but to date damages are approximately $100,000.

TOTAL $. 100,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature] DATE: 3/29/04

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

105

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. NOCV2004-00558

ABC MORTGAGE CORPORATION f/k/a JOHN G. MACLEOD d/b/a ABC MORTGAGE COMPANY, *Plaintiff(s)*

v.

SCOTTSDALE INSURANCE COMPANY, *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Keith L. Sachs, Melick, Porter & Shea, LLP plaintiff's attorney, whose address is 28 State St., Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at .......................... the ..........................

day of .........................................., in the year of our Lord two thousand and ..................................

Walter F. Timilty Clerk.

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

CT System

**Service of Process Transmittal Form**
Cincinnati, Ohio

APR 1 3 2004

04/12/2004

Via Federal Express (2nd Day)

TO: Patricia R Hatler 1-35-03
Nationwide Mutual Insurance Company
One Nationwide Plaza
Columbus, OH 43215-2220
EMAIL: HATLERP@NATIONWIDE.COM

RE: **PROCESS SERVED IN OHIO**

FOR Scottsdale Insurance Company Domestic State: Oh

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: ABC Mortgage Corporation f/k/a John G. Macleod d/b/a ABC Mortgage Company, Plaintiff vs SCOTTSDALE INSURANCE COMPANY, Defendant

2. DOCUMENT(S) SERVED: Letter dated April 6, 2004, Summons, Complaint, Jury Demand, Civil Action Cover Sheet, Tracking Order

3. COURT: Superior Court Department of the Trial Court of Norfolk County, Commonwealth of Massachusetts
Case Number NOCV200400558

4. NATURE OF ACTION: Alleged Breach of Contract.

5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Cincinnati, Ohio

6. DATE AND HOUR OF SERVICE: By Certified mail on 04/12/2004 with Postmarked Date 04/06/2004

7. APPEARANCE OR ANSWER DUE: Within 20 days after service

8. ATTORNEY(S): Keith L. Sachs ph: 617-523-6200
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

9. REMARKS:

RECEIVED
APR 1 4 2004
CLAIMS LEGAL

SIGNED CT Corporation System

PER Valerie Grove
ADDRESS 36 East Seventh Street
Suite 2400
Cincinnati, OH 45202
SOP WS 0006221528

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

**Commonwealth of Massachusetts**
**County of Norfolk**
**The Superior Court**

CIVIL DOCKET # **NOCV2004-00558-B**

RE: **Abc Mortgage Corporation fka v Scottsdale Insurance Company** RECEIVED

TO:William D Chapman, Esquire
Melick Porter & Shea LLP
28 State Street
22nd Floor
Boston, MA 02109-1775

**TRACKING ORDER - A TRACK**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| **STAGES OF LITIGATION** | **DEADLINE** |
|---|---|
| Service of process made and return filed with the Court | 06/30/2004 |
| Response to the complaint filed (also see MRCP 12) | 08/29/2004 |
| All motions under MRCP 12, 19, and 20 filed | 08/29/2004 |
| All motions under MRCP 15 filed | 06/25/2005 |
| All discovery requests and depositions completed | 05/21/2006 |
| All motions under MRCP 56 served and heard | 07/20/2006 |
| Final pre-trial conference held and/or firm trial date set | 11/17/2006 |
| Case disposed | 04/01/2007 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **"B"** sitting in **CtRm 3 Norfolk Superior Court.**

Dated: 04/02/2004

Walter F. Timilty
Clerk of the Court

BY:
Assistant Clerk

Location: CtRm 3
Telephone: (781) 326-1600

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: **http://ma-trialcourts.org/tcic**