UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABC MORTGAGE CORPORATION<br>f/k/a JOHN G. MACLEOD d/b/a<br>ABC MORTGAGE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE<br>COMPANY<br><br>Defendant. | Civil Action No. ~~CV2004-00558~~<br>04-CV-10816-MLW |

## ANSWER OF SCOTTSDALE INSURANCE COMPANY TO ABC MORTGAGE CORPORATION'S COMPLAINT

Defendant, Scottsdale Insurance Company ("Scottsdale"), by its undersigned counsel, responds to Plaintiff ABC Mortgage Corporation's ("ABC") complaint as follows:

1.  Scottsdale is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.  Admitted that Scottsdale is an Ohio corporation. Scottsdale denies the remaining allegations contained in paragraph 2.

3.  Scottsdale admits that it issued Commercial General Liability Policy Number CPS0394681 (the "Policy") to ABC Mortgage Company for the period December 14, 2000 through December 14, 2001. Scottsdale further states that the Policy speaks for itself and, therefore, denies the allegations contained in paragraph 3 as stated.

BOST1-831891-1

4.    Scottsdale admits that the Policy was renewed for the period December 14, 2001 through December 14, 2002. Scottsdale further states that the Policy speaks for itself and, therefore, denies the allegations contained in paragraph 4 as stated.

5.    Scottsdale denies paragraph 5 as stated. Scottsdale states that, as to its policies, terms and conditions, the policy speaks for itself.

6.    Admitted that Thomas Mulhern filed a complaint on or about October 16, 2002 in Worcester Superior Court ("Mulhern Complaint"). Scottsdale further states the Mulhern Complaint is a legal document which speaks for itself and, therefore, denies the remaining allegations of paragraph 6.

7.    Scottsdale states that the Mulhern Complaint is a legal document that speaks for itself and, therefore, denies the remaining allegations of paragraph 7.

8.    Scottsdale states that the Mulhern Complaint is a legal document that speaks for itself and, therefore, denies the remaining allegations of paragraph 8.

9.    Scottsdale admits that on or about November 12, 2002, it received notice of the Mulhern Complaint.

10.    Admitted that Scottsdale denied coverage for the allegations in the Mulhern Complaint. Scottsdale denies plaintiff's characterization of the denial. Scottsdale's denial letter is a document which speaks for itself.

11.    Admitted that Scottsdale received a letter from counsel for ABC demanding defense and indemnification. Scottsdale denies that plaintiff's purported G.L.c. 93A demand letter was "proper."

12.    Denied.

13.    Admitted.

14. Admitted that Scottsdale received a letter from ABC's counsel dated on or about June 5, 2003. Scottsdale denies the remainder of plaintiff's allegations contained in paragraph 14 as stated.

15. Admitted that on or about June 6, 2003, Mr. Clause of Scottsdale communicated with counsel for ABC. Scottsdale denies the remainder of plaintiff's allegations contained in paragraph 14 as stated.

16. Admitted that Scottsdale received a letter from ABC's counsel dated on or about July 8, 2003. Scottsdale denies the remainder of plaintiff's allegations contained in paragraph 16 as stated.

17. Admitted that Scottsdale received a letter from counsel for ABC on or about July 21, 2003, demanding defense and indemnification. Scottsdale denies that plaintiff's purported demand letter pursuant to G.L.c. 93A was "proper."

18. Admitted that Scottsdale apprised ABC'c counsel of the status of the coverage investigation. Scottsdale's correspondence is a document which speaks for itself.

19. Admitted that Scottsdale informed ABC on or about July 30, 2003, that coverage did not exist for defense and indemnification for the Mulhern Complaint.

20. Denied.

21. Admitted that Scottsdale received a letter from counsel for ABC on or about August 14, 2003, demanding defense and indemnification. Scottsdale denies that plaintiff's purported demand letter pursuant to G.L.c. 93A was "proper."

22. Denied.

23. Admitted that on or about October 6, 2003, Scottsdale's coverage counsel communicated Scottsdale's response to ABC's August 14, 2004 letter.

## Count 1 – Declaratory Judgment

24. Scottsdale reasserts and incorporates herein through reference its answers to paragraphs 1 through 23 of plaintiff's complaint.

25. Admitted only that Scottsdale issued CGL policy no. CPS0394681 to ABC Mortgage for the policy period December 14, 2000 through December 14, 2001. That policy was renewed by renewal certificate for the period December 14, 2001 through 2002.

26. Denied. The Scottsdale policy is a document which speaks for itself. The insuring agreement provides the parameters for coverage.

27. Denied.

28. Denied.

WHEREFORE, answering defendant, Scottsdale, demands judgment in its favor, plus costs and attorneys fees and also requests that plaintiff's complaint be dismissed with prejudice.

## Count II – Breach of Contract

29. Scottsdale reasserts and incorporates herein through reference its answers to paragraphs 1 through 28 of plaintiff's complaint.

30. Admitted only that Scottsdale issued CGL policy no. CPS0394681 to ABC Mortgage for the policy period December 14, 2000 through December 14, 2001. That policy was renewed by renewal certificate for the period December 14, 2001 through December 14, 2002.

31. The Scottsdale policy is a document which speaks for itself.

32. Denied. The Scottsdale policy is a document which speaks for itself. The insuring agreement provides the parameters for coverage.

33. Denied.

34. Denied.

WHEREFORE, answering defendant, Scottsdale, demands judgment in its favor, plus costs and attorneys fees and also requests that plaintiff's complaint be dismissed with prejudice.

### Count III – Violation of General Law Chapter 93A

35. Scottsdale reasserts and incorporates herein through reference its answers to paragraphs 1 through 34 of plaintiff's complaint.

36. Denied.

37. Denied.

38. Paragraph 38 of the Complaint states a legal conclusion and does not require a response.

WHEREFORE, answering defendant, Scottsdale, demands judgment in its favor, plus costs and attorneys fees and also requests that plaintiff's complaint be dismissed with prejudice.

### Affirmative Defenses

#### First Affirmative Defense

Plaintiff's complaint fails to state a cause of action against Scottsdale upon which relief may be granted.

#### Second Affirmative Defense

Plaintiff's claims are barred by the Statute of Limitations.

#### Third Affirmative Defense

Scottsdale did not violate any duty owed to, or right of, the plaintiff.

#### Fourth Affirmative Defense

The policies terms and conditions operate to preclude coverage for the claims tendered by plaintiff.

### Fifth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that some or all of the claims or matters alleged in the Mulhern Complaint do not constitute "bodily injury" or "property damage" as used in, defined in, or incorporated into the Policy.

### Sixth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that the events or the property damage, bodily injury, or other matters alleged in the Mulhern Complaint, or giving rise to plaintiff's alleged liability, do not constitute an "accident" or "occurrence" as those terms are used in, defined in, and/or incorporated into the Policy.

### Seventh Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that any alleged bodily injury, property damage, and/or occurrence for which plaintiff seeks coverage did not take place during the policy period of the Policy.

### Eighth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that any property damage, bodily injury, or event resulting in such injury or damage was expected or intended by plaintiff or otherwise was non-fortuitous.

### Ninth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff knew or should have known of any loss, risk, condition, damage, or injury at the time the Policy was issued or renewed and/or to the extent that any loss, risk, condition, damage, or injury had already commenced or was in progress on or before the inception or renewal of the Policy.

### Tenth Affirmative Defense

Plaintiff's claims against Scottsdale are barred to the extent that the plaintiff has failed to mitigate, minimize or avoid any damage it allegedly sustained and recovery against Scottsdale must be reduced by that amount.

### Eleventh Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff may have failed to perform fully all of the obligations contained in or incorporated into the Policy or to comply fully with the terms, obligations, and conditions contained in or incorporated into the Policy.

### Twelfth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff seeks indemnity in excess of the limits of liability of the Policy.

### Thirteenth Affirmative Defense

To the extent that other insurance exists, such insurance may be obligated to defend and indemnify plaintiff for any and all events or claims alleged. The Policy issued to plaintiff may not cover the events and claims alleged in the Mulhern Complaint or otherwise may be limited to the extent that other such insurance exists.

### Fourteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, release, ratification, laches, estoppel, and/or unclean hands.

### Fifteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that any alleged claim or loss arises from plaintiff's actions, omissions, or other conduct that is or was in violation of federal, state, and/or local law, statutes, regulations, or public policy.

### Sixteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that any claim or loss is, or results from, the imposition of civil or other fines, penalties, or punitive damages.

### Seventeenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff seeks reimbursement for expenditures, liabilities, and obligations that do not constitute "damages" within the meaning of that term as used in or incorporated into the Policy.

### Eighteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff has voluntarily paid or assumed an obligation to pay or has incurred any expense without notice to Scottsdale and/or to the extent that plaintiff has not received Scottsdale's consent or approval.

### Nineteenth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in or incorporated into the Policy.

### Twentieth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff has impaired or prejudiced any right to subrogation, indemnification, or contribution that Scottsdale has or may have had.

### Twenty-First Affirmative Defense

To the extent that it is determined that plaintiff (or its agents or representatives) misrepresented, failed to disclose, or omitted material facts regarding plaintiff's acts, practices, conditions, or other material information in connection with any application for insurance or in connection with the issuance or renewal of the Policy or regarding any risk assumed under the Policy, plaintiff's claims may be barred, in whole or in part, insofar as Scottsdale relied upon such misrepresentation or omission in issuing and/or renewing any such policy.

### Twenty-Second Affirmative Defense

The Mulhern Complaint does not describe the allegations against Scottsdale with sufficient particularity to permit Scottsdale to determine all defenses it has in response to the Complaint. Scottsdale therefore reserves the right to assert all defenses that may be pertinent to the Complaint once the precise nature of plaintiff's claims are ascertained through investigation and discovery.

**WHEREFORE**, Scottsdale Insurance Company hereby requests judgment:

1. Ordering that plaintiff take nothing by way of its Complaint on any of the claims for relief alleged therein;

2. Dismissing with prejudice plaintiff's complaint; and

3. Awarding Scottsdale such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DEFENDANT,**
**SCOTTSDALE INSURANCE COMPANY**
By its attorneys,

_/s/ Catherine N. O'Donnell_
Stephen J. Abarbanel, BBO # 010100
Catherine N. O'Donnell, BBO # 634719
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

Dated: July 9, 2004

## CERTIFICATE OF SERVICE

      I, Catherine N. O'Donnell hereby certify that on this 9th day of July, 2004, I served a true copy of the foregoing document via first-class mail, postage prepaid, upon the following:

>William D. Chapman, Esq.
>Melick, Porter & Shea, LLP
>28 State Street
>Boston, MA 02109

_____
Catherine N. O'Donnell