UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABC MORTGAGE CORPORATION<br>f/k/a JOHN G. MACLEOD<br>d/b/a ABC MORTGAGE COMPANY,<br><br>                    Plaintiff<br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br>                    Defendant | Civil Action No. 04-10816-MLW |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Scottsdale Insurance Company ("SIC") submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment on all Counts of the Plaintiff's Complaint.

1. Scottsdale Insurance Company ('SIC") issued policy no. CPS0394681 (the "Policy") to John Macleod d/b/a ABC Mortgage Company for the policy period December 14, 2000 to December 14, 2001. [See Policy, attached as Exhibit A]. The Policy was renewed for the period of December 14, 2001 through December 14, 2002.

2. The Policy contains General Liability Coverage written on an occurrence basis with a limit of $1.0 million per occurrence/$2.0 million in the aggregate. [Exhibit A].

3. Coverage A of the policy – Bodily Injury and Property Liability (as amended by endorsement) – provides that the insurer will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property

52962.1

damage" to which the Policy the applies and only if caused by an "occurrence". [Exhibit A].

4. Coverage B – Personal and Advertising Injury Liability was removed by endorsement. [See Endorsement, Exhibit B].

5. The Policy defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or (b) [l]oss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it". [Exhibit A, Section V, ¶17 a-b]

6. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [Exhibit A, Section V, ¶13].

7. On October 4, 2002, Thomas Mulhern, individually and on behalf of all persons similarly situated, filed a complaint against John G. MacLeod, d/b/a ABC Mortgage Company (hereinafter the "Underlying Complaint") in the lawsuit captioned *Mulhern v. John G. MacLeod d/b/a ABC Mortgage Company,* Worcester Superior Court, Civil Action No. 02-2212 (hereinafter the "Mulhern Action"). [See Underlying Complaint, attached as Exhibit C]

8. The Mulhern Complaint alleges that ABC Mortgage repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), a federal law prohibiting privacy violations via invasive telemarketing practices. [Exhibit C]

9. The Underlying Complaint alleges from December 26, 2000 to January 2002, ABC Mortgage repeatedly transmitted unsolicited facsimile advertisements to the

52962.1

class representative, Mr. Mulhern. The Underlying Complaint also alleges that ABC Mortgage did not obtain the consent of the facsimile recipients prior to the transmittal of the faxes and did not obtain Mr. Mulhern's consent prior to the transmittal of any the faxes to his home. [See Exhibit C, ¶¶10-26 and 30]

10. Count I of the Complaint is for violation of the TCPCA for sending unsolicited fax advertisements and seeks statutory damages; Count II seeks injunctive relief to bar enjoin future TCPA violations; Count III is for injunctive relief to compel the preservation of evidence; and Count IV claims a violation of M.G.L. c. 93A. [Exhibit C, ¶13]

11. On or about November 12, 2002, ABC Mortgage tendered the defense of and sought indemnification for the Mulhern Action to SIC. [See Complaint, attached as Exhibit D, ¶ 9]

12. SIC disclaimed coverage for the Mulhern Action and allegations. [See Letter dated 12/3/02 from SIC to John MacLeod, attached as Exhibit E].

13. After that timely denial of coverage, Mulhern, through counsel sought on repeated occasions to get SIC to change its coverage position. [Exhibit D, ¶¶11-16]].

14. On March 28, 2003, ABC's counsel sent SIC a purported M.G.L. c. 93A demand letter, demanding that SIC provide a defense and indemnification for the Mulhern Action under the property damage provision of its policies. [See 93A Demand Letter, attached as Exhibit F]

15. ABC Mortgage Corporation f/k/a John G. MacLeod d/b/a ABC Mortgage Co. filed suit in Norfolk Superior Court, Civil Action No. 2004-00558, seeking a declaration of its rights under the Policy. [See Exhibit D]. The case was removed to

52962.1

United States District Court for the District of Massachusetts on April 26, 2004 [See Docket, attached as Exhibit G].

16. In this action ABC Mortgage Corporation seeks a declaration that SIC wrongfully failed to provide plaintiff with defense and indemnity relevant to the Mulhern action (Count I). ABC also alleges that SIC breached its contract (Count II) and violated G.L. c. 176D, §3(9) and in doing so violated M.G.L. c. 93A (Count III). [See Exhibit D].

17. With respect to Count III, ABC Mortgage Corporation ("ABC") specifically bases the Chapter 93A claim on alleged violations of G.L. c. 176D, §3(9). [See Exhibit D].

18. On December 14, 2005, SIC agreed to reimburse ABC Mortgage Company for the reasonable and necessary legal fees incurred in the defense of the Mulhern Action from the date of tender and to assume the defense of the Mulhern Action under a reservation of rights. [See 12/14/05 Letter, attached as Exhibit H].

SCOTTSDALE INSURANCE CO.

By its attorneys,

/s/ George C. Rockas
George C. Rockas, BBO#544009
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

52962.1

## CERTIFICATE OF SERVICE

      I, George C. Rockas, hereby certify that on February 15, 2006, I electronically filed the foregoing *Defendant Scottsdale Insurance Company's Statement of Undisputed Material Facts* and caused to be served a courtesy copy of the same to counsel of record by mailing the same via first class mail, postage prepaid, to the following:

Kerry D. Florio, Esq.
Melick, Porter & Shea LLP
28 State Street
Boston, MA 02109-1775

                                                                                             */S/ George C. Rockas*
                                                                                              George C. Rockas