# EXHIBIT 3



# SCOTTSDALE INSURANCE COMPANY®

December 3, 2002

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Mr. John Macleod
c/o ABC Mortgage Company
89 Pearl Street
Braintree, MA 02184

RE: Policy No.:   CPS0394681
    Claim No.:    825650-30
    Insured:      ABC Mortgage Company
    Claimant:     Thomas Mulhern
    Date of Loss: October 24, 2002

Dear Mr. Macleod:

This letter will confirm our receipt of the Summons and Complaint styled <u>Thomas Mulhern, Plaintiff, Individually and on behalf of a class of all persons and entities similarly situated vs. John G. Macleod, d/b/a ABC Mortgage Company, Defendant</u> filed in the Superior Court, Department of Trial Court, Worcester Division, bearing Civil Action No. 02-22118A.

In his Complaint, Mulhern alleges that on various dates including December 17, 2001, January 7, 2002, January 28, 2002, ABC Mortgage Company transmitted an unsolicited facsimile advertisement to Mr. Mulhern. It is alleged that ABC Mortgage did not obtain the consent of Mr. Mulhern prior to transmitting any facsimile advertisements to his home. There is a count for violation of the TCPA (Telephone Consumer Protection Act, 47 U.S. C.227) sending unsolicited fax advertisements. There is a count for injunctive relief to bar future TCPA violations. There is a count for injunctive relief, preservation of evidence. There is a prayer for relief requesting that the Court enter an appropriate order enjoining ABC Mortgage, its agents,

Mr. John Macleod
December 3, 2002
Page 2

or anyone acting on its behalf from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs in its position or control which can be used to identify all persons, corporations or entities to whom Defendants have transmitted unsolicited facsimile advertisements. There is a demand that ABC Mortgage immediately be restrained from engaging in future telemarketing in violation of the TCPA. There is a demand that the Plaintiff and other members of the class action so certified be awarded statutory damages for each separate violation of the TCPA by ABC Mortgage. There is a demand that the Named Plaintiff and members of the class be granted such other and further relief as is just and equitable under the circumstances.

Scottsdale Insurance Company issued Policy No. CPS0394681 to ABC Mortgage Company with effective dates of December 14, 2001 to December 14, 2002. The policy covers "bodily injury" and "property damage" which result during the policy period from an "occurrence". The limits of liability are $1,000,000.00 per occurrence with $2,000,000.00 in the aggregate subject to the Terms, Conditions, Definitions and Exclusions contained in the policy. I refer you to Policy Form CG 00 57 (9/99) which reads as follows:

### AMENDMENT OF INSURING AGREEMENT –
### KNOWN INJURY OR DAMAGE

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART
### (OCCURRENCE VERSION)

Paragraph 1. Insuring Agreement of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

1.  Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

Mr. John Macleod
December 3, 2002
Page 3

    (1)    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    (2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.    This insurance applies to "bodily injury" and "property damage" only if:

    (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)    The "bodily injury" or "property damage" occurs during the policy period; and

    (3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph

Mr. John Macleod
December 3, 2002
Page 4

        1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

At this time, I wish to call your attention to Coverage B, Personal and Advertising Injury Liability:

  **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

  1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any

Mr. John Macleod
December 3, 2002
Page 5

"suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

I call your attention to Endorsement CG 2138 (11/85), Exclusion, Personal and Advertising Injury, which reads as follows:

EXCLUSION – PERSONAL AND ADVERTISING INJURY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply.

Coverage for Personal and Advertising Injury are excluded from the policy as indicated above!

- Also note that there are certain policy definitions which we now bring to your attention:

Mr. John Macleod
December 3, 2002
Page 6

### SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

Mr. John Macleod
December 3, 2002
Page 7

      b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   18.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

      a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

      b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

None of the allegations contained in the Complaint constitute an "occurrence" resulting in "bodily injury" or "property damage". There is no coverage for "personal and advertising injury" as indicated in the above quoted exclusion.

Because the allegations in the Complaint do not meet these definitions, they are not covered under the policy. In these circumstances, at this time, Scottsdale Insurance Company respectfully disclaims coverage for this matter. We will not participate in the defense nor indemnification for this claim.

We reserve the right to review any additional lawsuits or amendments to this lawsuit to make a separate determination as to whether either a defense, or indemnity, might be provided by the company. It is possible that we might provide a defense and/or indemnity on a new or amended Complaint. Our decision on coverage is based only on the facts as presented to us to date and should not be construed as applicable to a new suit or an amendment to this suit. Our right to have notice of either situation is reserved, as are the notice conditions of the policy.

Should you have any information that is contrary to that expressed above, or if you have any questions, comments or objections, please contact the undersigned.

Very truly yours,


Charles Buchanan
Senior Claim Representative
Extension 2732

Mr. John Macleod
December 3, 2002
Page 8


cc:     Agent #20007

        Law Office of Stephen Paul Rahavy
        2 Oliver Street, 8th Floor
        Boston, MA  02109

CB/by
B0Y/S14843