# EXHIBIT 4

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: NOCV2004- 00550

*********************************************

ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD d/b/a ABC
MORTGAGE COMPANY,

  Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

  Defendant.

*********************************************

## COMPLAINT AND JURY DEMAND

### PARTIES

1. ABC Mortgage Corporation f/k/a John G. Macleod d/b/a ABC Mortgage Company (hereinafter "ABC") is a Massachusetts Corporation located at 42 Holbrook Avenue Braintree, Massachusetts.

2. Scottsdale Insurance Company (hereinafter "Scottsdale") is an Ohio Corporation with a Home Office located at One Nationwide Plaza, Columbus, Ohio and an Administrative Office located at 8877 North Gainey Center Drive, Scottsdale, Arizona.

### FACTS COMMON TO ALL COUNTS

3. From December 14, 2000 through December 14, 2001, ABC was insured by Scottsdale Commercial General Liability Policy Number CPS0394681.

4. That policy was renewed, and from December 14, 2001 through December 14, 2002, ABC was insured by Scottsdale Commercial General Liability Policy Number CPS0394681.

5. During the initial policy and the renewal period, the Scottsdale policy insured ABC for, among other things, property damage caused by an occurrence.

6.  On October 16, 2002, Thomas Mulhern — individually and on behalf of a class of all persons and entities similarly situated — filed a complaint in Worcester Superior Court, WOCV2002-02213 ("the Mulhern Complaint"), against ABC for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

7.  In his complaint, Mulhern alleges that ABC violated the TCPA by intentionally or negligently sending him via facsimile unsolicited advertisements for goods and services.

8.  Mulhern alleges that he received from ABC some seventeen unsolicited facsimiles between December 26, 2000 and January 28, 2002.

9.  On or about November 12, 2002, Scottsdale was notified of the Mulhern Complaint.

10. On or about December 3, 2002, Scottsdale sent ABC a written denial of coverage, simply stating that "[n]one of the allegations contained in the [Mulhern] Complaint constitute an 'occurrence' resulting in . . . 'property damage.'"

11. On March 28, 2003, ABC's counsel sent a proper G.L. c. 93A demand letter to Charles Buchanan of Scottsdale, demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

12. The March 28, 2003 letter set forth specific controlling case law illustrating that ABC was entitled to defense and indemnification under the Scottsdale policies.

13. On April 3, 2003, Dean Clause of Scottsdale informed ABC's counsel that Scottsdale had retained local coverage counsel to provide a coverage opinion.

14. After hearing nothing further from Scottsdale, on June 5, 2003, ABC's counsel sent Mr. Clause further correspondence requesting an update on Scottsdale's position.

15. On June 6, 2003, Mr. Clause responded to ABC's counsel's inquiry, stating that he hoped to be able to discuss Scottsdale's position the following week.

16. After again hearing nothing further from Scottsdale, on July 8, 2003, ABC's counsel sent Mr. Clause further correspondence requesting an update on Scottsdale's position.

17. Without further information forthcoming from Scottsdale, on July 21, 2003, ABC's counsel sent a second proper demand letter under G.L. c. 93A to Scottsdale, again demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

2

18. On July 28, 2003, Mr. Clause wrote ABC's counsel, stating that Scottsdale's coverage counsel was performing an "exhaustive and complete evaluation of this issue" and that he expected a coverage opinion by the first week of August 2003.

19. On July 30, 2003, Scottsdale wrote to ABC's counsel, rejecting ABC's demand for defense and indemnification for the Mulhern Complaint.

20. In its July 30, 2003 letter, Scottsdale failed to acknowledge and distinguish specific case law cited by ABC in its March 28, 2003 letter.

21. On August 14, 2003, ABC's counsel sent a third proper G.L. c. 93A demand letter to Scottsdale, demanding that Scottsdale provide ABC a defense and indemnification to the Mulhern Complaint under the property damage provision of its policies.

22. ABC's counsel's August 14, 2003 letter set forth in great detail specific legal argument demonstrating why Scottsdale's position was an error of law and fact.

23. On October 6, 2003, Scottsdale's coverage counsel provided a response to ABC's August 14, 2003 letter, again denying coverage under the Scottsdale policy.

### Count I — Declaratory Judgment

24. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 23 of this Complaint.

25. ABC was insured by a Scottsdale Commercial General Liability policy, number CPS0394681, from December 14, 2000 through December 14, 2002.

26. That policy provided for coverage of property damage caused by an occurrence.

27. The Mulhern Complaint alleges property damage caused by an occurrence within the policy periods.

28. Scottsdale has wrongfully failed to provide plaintiff with defense and indemnity to the Mulhern Complaint.

WHEREFORE, ABC requests that this court enter judgment against Scottsdale and declare that Scottsdale must defend and indemnify ABC under the subject policy as to the claims made in the Mulhern Complaint. Additionally, ABC requests the further relief listed below.

3

## Count II — Breach of Contract

29. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 28 of this Complaint.

30. ABC was insured by a Scottsdale Commercial General Liability policy, number CPS0394681, from December 14, 2000 through December 14, 2002.

31. The Scottsdale Commercial General Liability policy is a contract.

32. That policy provided for coverage of property damage caused by an occurrence.

33. The Mulhern Complaint alleges property damage caused by an occurrence within the policy periods.

34. Scottsdale breached its contract with plaintiff by failing to provide defense and indemnity to the Mulhern complaint.

WHEREFORE, ABC requests that this court enter judgment against Scottsdale for breach of contract and award plaintiff all damages to which he is entitled under the law. Additionally, ABC requests the further relief listed below.

## Count III — Violation of G.L. c. 93A

35. The plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety Paragraphs 1 through 34 of this Complaint.

36. Defendant Scottsdale's breach of contract is a violation of G.L. c. 93A.

37. Defendant Scottsdale's acts and/or omissions described above violate the following provisions, if not others, of G.L. c. 176D, § 3(9):

    (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

    (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    (d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    (f) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and

4

(n) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

38. A violation of any provision of G.L. c. 176D, § 3(9) is, in turn, a violation of G.L. c. 93A.

WHEREFORE, plaintiff requests a judgment against defendant Scottsdale, declaring as follows:

A. That Scottsdale breached its contracts with ABC;

B. That Scottsdale is required to defend ABC in the Mulhern action;

C. That Scottsdale is required to indemnify ABC in the Mulhern action;

D. That Scottsdale is obligated to pay interest, costs and attorney's fees incurred in defending the underlying action;

E. That Scottsdale is obligated to pay double or treble damages, costs and attorney's fees pursuant to G.L. c. 93A; and

F. That plaintiff be awarded all other relief allowed by law or in equity which the Court deems appropriate and just.

## JURY CLAIM

The plaintiff claims a trial by jury of each claim and defense so triable.

Plaintiff,
ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD d/b/a ABC
MORTGAGE COMPANY,
By its attorneys,

William D. Chapman, BBO #551261
Keith L. Sachs, BBO #634025
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Date: 3/26/04

5