# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD d/b/a ABC
MORTGAGE COMPANY,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No. 04-10816-MLW

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, the plaintiff requests that the defendant produce the documents listed below for inspection and copying within thirty (30) days.

## DEFINITIONS

As used herein, the words "document" or "documents" include, without limitation, any original and all copies of any writings, memoranda, tape or other sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, or other forms of communication or correspondence, books or records of account, schedules, tax returns, computer printouts, tapes or memories, photostats, microfilm, or other written information in whatever form, which is in the possession, custody and/or control of the party to whom this request is propounded or that party's attorney.

## **DOCUMENTS REQUESTED**

### Request No. 1

A copy of the general liability policy issued to John MacLeod and/or ABC Mortgage Company (herein after "ABC Mortgage"), by Scottsdale Insurance Company for the period from December 2000 through December 2003, including all endorsement thereto.

### Request No. 2

A complete copy of your underwriting file for the general liability policy issued to ABC Mortgage by Scottsdale Insurance Company.

### Request No. 3

A complete copy of your claim file for the claim brought against ABC Mortgage by Thomas Mulhern (herein after "Mulhern action"), Scottsdale Claim No. 825650-30, including all memorandum, notes, computer files, correspondence and other documents relating to settlement evaluation, strategy and negotiations.

### Request No. 4

All documents that relate to the plaintiff's claims in the Mulhern action.

### Request No. 5

All documents that relate to your investigation, analysis, evaluation and/or decision as to whether to assume or deny a duty to defend (whether or not under a reservation of rights) to ABC Mortgage under the Scottsdale Insurance Company policy for the claims asserted in the Mulhern action.

### Request No. 6

All documents constituting, referring or relating to communications with any insurance broker and/or agent and/or intermediary and/or any agent, servant, and/or employee of a broker, agent or intermediary, regarding the Mulhern action and/or any request by ABC Mortgage for insurance coverage for the claims asserted in the Mulhern action.

### Request No. 7

All documents relating to the general liability policy issued to ABC Mortgage by Scottsdale Insurance Company for the period from December 2000 through December 2003.

**Request No. 8**

All documents comprising, constituting, referring or relating to communications between Scottsdale Insurance Company and any other insurance company regarding the Mulhern action.

**Request No. 9**

All documents comprising, constituting, referring or relating to communications between Scottsdale Insurance Company and ABC Mortgage, its agents, servants and/or employees, arising out of or related to the Mulhern action.

**Request No. 10**

All documents comprising, constituting or referring to claim manuals and/or other documents relating to the handling of claims that actually or allegedly involve or are in any way related to coverage under the subject policy.

**Request No. 11**

Any and all documents that support Scottsdale's Fourth Affirmative Defense that "the policy terms and conditions operate to preclude coverage for the claims tendered by the plaintiff."

**Request No. 12**

Any and all documents that support Scottsdale's Fifth Affirmative Defense that the "Plaintiff's claims may be barred, in whole or in part, to the extent that some or all of the claims or matters alleged in the Mulhern Complaint do not constitute "bodily injury" or "property damage" as used in, and defined in, or incorporated into the Policy."

**Request No. 13**

Any and all documents that support Scottsdale's Sixth Affirmative Defense that "Plaintiff's claims may be barred, in whole or in part, to the extent that the events or the property damage, bodily injury, or other matters in the Mulhern Complaint, or giving rise to plaintiff's alleged liability, do not constitute an "accident" or "occurrence" as those terms are used in, defined in, and/or incorporated into the Policy."

**Request No. 14**

All documents relating to any experts you intend to call at the trial of this matter, including but not limited to: (a) all documents comprising, constituting or relating to correspondence and communications with such experts; (b) all documents on which the expert(s) relied in reaching opinions you intend to offer into evidence; and (c) a copy of all reports prepared by such

3

expert(s) including all drafts and versions thereof.

ABC MORTGAGE CORPORATION<br>
f/k/a JOHN G. MACLEOD d/b/a ABC<br>
MORTGAGE COMPANY,<br>
By its attorneys,

_____
William D. Chapman, BBO #551261
Kerry D. Florio, BBO #647489
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

## CERTIFICATE OF SERVICE

I, Kerry D. Florio, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid, to the following:

> Stephen J. Abarbanel, Esq.
> ROBINSON & COLE, LLP
> One Boston Place
> Boston, MA 02108-4404

_____
Kerry D. Florio

Date: November 8, 2005

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| ABC MORTGAGE CORPORATION f/k/a JOHN G. MACLEOD d/b/a ABC MORTGAGE COMPANY, <br><br> Plaintiff, <br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 04-10816-MLW |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, ABC MORTGAGE CORPORATION F/K/A JOHN G. MACLEOD D/B/A ABC MORTGAGE COMPANY TO BE ANSWERED BY THE DEFENDANT, SCOTTSDALE INSURANCE COMPANY

The plaintiff hereby submits the following interrogatories to be answered under oath by the defendant, within thirty (30) days, pursuant to the provisions of Fed. R. Civ. P. 33:

### INTERROGATORIES

1. Please identify yourself fully, stating your full name, date of birth, social security number, residential address, business address, occupation, and relationship to Scottsdale Insurance Company ("Scottsdale").

2. Please identify each and every person who assisted you with the preparation of these answers, stating for each person their full name, address, occupation, and relationship to Scottsdale.

3. Please identify all documents which Scottsdale intends to introduce as evidence during the trial of the captioned matter.

4. Please state the full name and last known address, giving street, number, city and state of every witness known to Scottsdale or to its attorneys who has any knowledge regarding the facts alleged in the Complaint, including, but not limited to, eyewitnesses to such events and other persons having knowledge of the events.

5. If Scottsdale, its agents, servants, employees or anyone acting on its behalf has ever spoken to any alleged witnesses named in your answer to the previous interrogatory, please state:

   a. the names and addresses of all persons participating in the making of each such conversation or statement, including the names and addresses of all other persons present at the time that each such conversation or statement was made;

   b. the date, time and place that each such conversation or statement was made; and

   c. the substance of each such conversation or statement and a full description of any documentation of each such conversation or statement, including each and every recording, photograph, drawing and signed or unsigned document which reflects, represents or pertains to same.

6. For each expert witness whom Scottsdale expects to call at the trial of this action, and whom it has retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state:

   a. the name, business address, residential address, educational and employment history;

   b. the subject matter on which each such expert witness is expected to testify or was retained or employed to consider;

   c. the substance of the facts and opinions to which each such expert is expected to testify or was retained or employed to consider; and

   d. a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

7. If any agent, servant, or employee of Scottsdale has given any statements (including any statement under oath or examination under oath), whether oral or written, to any person or entity, in connection with any investigation of the accident alleged in the plaintiff's Complaint, or the claims asserted in the Complaint, please state:

   a. the date of the statement;

   b. the person or entity who took the statement;

   c. whether the statement was oral or in writing; and

   d. if the statement was recorded or transcribed, and whether Scottsdale has a copy of the statement.

8. Please identify in detail and with particularity each communication which any agent, servant, or employee of Scottsdale has had with ABC Mortgage Corporation and/or John MacLeod, Jr. d/b/a ABC Mortgage Company ("MacLeod") and/or his agents, servants, or employees regarding insurance for the Mulhern claim as described in the Complaint in this matter, stating for each communication:

   a. the parties to the communication;

   b. the date and time of the communication;

   c. the location of the communication;

   d. the method of communication; and

   e. the substance of the communication.

9. Please identify in detail and with particularity each communication which any agent, servant, or employee of Scottsdale has had with Dailey Tax and Insurance, Inc. and/or Maureen Gibbons d/b/a Dailey Tax and Insurance Service regarding insurance for ABC Mortgage Company and/or John MacLeod and/or the Mulhern claim as described in the Complaint at any time from October 2000 to the present, stating for each communication:

   a. the parties to the communication;

   b. the date and time of the communication;

   c. the location of the communication;

   d. the method of the communication; and

   e. the substance of the communication.

10. Please state in detail and with particularity the basis for Scottsdale's denial of the Mulhern claim, including in your answer each and every fact upon which you rely to support your denial, and each and every policy provision that supports your denial.

11. Please describe in detail and with particularity the investigation performed by Scottsdale prior to the denial of the subject loss as referenced in the Complaint.

12. Please identify and state in full any and all Scottsdale underwriting guidelines and regulations in effect in 2000, 2001, and 2002, which relate to the coverage under a commercial general liability policy.

13. Please identify and describe in detail any and all Scottsdale procedures, rules, and regulations in effect in 2000, 2001 and 2002, relative to coverage under Commercial

        General Liability policies.

14. Please describe in full and complete detail each and every fact that supports your Fifth Affirmative Defense.

15. Please describe in full and complete detail each and every fact that supports your Sixth Affirmative Defense.

16. Please describe in full and complete detail each and every fact that supports your Seventh Affirmative Defense.

17. Please describe in full and complete detail each and every fact that supports your Eighth Affirmative Defense.

18. Please describe in full and complete detail each and every fact that supports your Eleventh Affirmative Defense.

        ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD d/b/a ABC
MORTGAGE COMPANY,
By its attorneys,

_____
William D. Chapman, BBO #551261
Kerry D. Florio, BBO #647489
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Date: 11/8/07

## CERTIFICATE OF SERVICE

I, Kerry D. Florio, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid, to the following:

>Stephen J. Abarbanel, Esq.
>ROBINSON & COLE, LLP
>One Boston Place
>Boston, MA 02108-4404

_____
Kerry D. Florio

Date: 11/8/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ABC MORTGAGE CORPORATION<br>f/k/a JOHN G. MACLEOD d/b/a ABC<br>MORTGAGE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 04-10816-MLW |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF TAKING DEPOSITION

TO: All Counsel of Record

Please take notice that, at 10:00 A.M., on December 14, 2005, at the offices of MELICK, PORTER & SHEA, LLP, 28 State Street, Boston, Massachusetts, 02109, the plaintiff, ABC Mortgage Corporation f/k/a John G. MacLeod d/b/a ABC Mortgage Company, in this action, by its attorney, will take the deposition upon oral examination of the defendant, Scottsdale Insurance Company, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

The deponent is hereby respectfully advised of its duty, under Rule 30(b)(6) of the Rules of Civil Procedure, to designate one or more persons to testify on its behalf in connection with any deposition which calls for the person "with the most knowledge" about the topics listed in Schedule A.

The deponent is also requested to bring the documents listed in the attached Schedule B, along with a valid driver's license, passport, or other Federal or State issued photo identification which includes deponent's signature.

You are invited to attend and cross-examine.

Respectfully,

William D. Chapman, BBO#: 551261
Kerry Florio, BBO#: 647489
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA  02109
(617) 523-6200

Dated: November 9, 2005

## SCHEDULE A

1. The facts of the Complaint in the instant case, no. 04-10816-MLW.

2. The facts of the Mulhern matter, civil action no. 02-2218-A (the "Mulhern claim").

3. The insurance obtained by Maureen Gibbons d/b/a Dailey Tax and Insurance, Inc. and/or Dailey Tax and Insurance, Inc. for John MacLeod d/b/a ABC Mortgage Company.

4. Scottsdale's underwriting file relative to insurance coverage for John MacLeod d/b/a ABC Mortgage Company.

5. The investigation of the Mulhern claim.

6. Scottsdale's claim file relative to the Mulhern claim.

7. Scottsdale's coverage position regarding the Mulhern claim.

8. Correspondence with Melick, Porter & Shea, LLP regarding the Mulhern claim.

9. Scottsdale's denial of the Mulhern claim.

10. Scottsdale's underwriting guidelines and regulations in effect in 2000, 2001, and 2002, relative to coverage under commercial general liability policies.

11. Scottsdale's procedures, rules, and regulations in effect in 2000, 2001, and 2002, relative to coverage under commercial general liability policies.

12. Any and all policies, rules, and/or guidelines regarding coverage for TCPA claims under a commercial general liability policy.

13. Scottsdale's answer to the Complaint and defenses contained therein.

## SCHEDULE B

1. A copy of the general liability policy issued to John MacLeod and/or ABC Mortgage Company (herein after "ABC Mortgage"), by Scottsdale Insurance Company for the period from December 2000 through December 2003, including all endorsements thereto.

2. A complete copy of your underwriting file for the general liability policy issued to ABC Mortgage by Scottsdale Insurance Company.

3. A complete copy of your claim file for the claim brought against ABC Mortgage by Thomas Mulhern (herein after "Mulhern action"), Scottsdale Claim No. 825650-30, including all memorandum, notes, computer files, correspondence, and other documents relating to settlement evaluation, strategy, and negotiations.

4. All documents that relate to the plaintiff's claims in the Mulhern action.

5. All documents that relate to your investigation, analysis, evaluation, and/or decision as to whether to assume or deny a duty to defend (whether or not under a reservation of rights) to ABC Mortgage under the Scottsdale Insurance Company policy for the claims asserted in the Mulhern action.

6. All documents constituting, referring, or relating to communications with any insurance broker and/or agent and/or intermediary and/or any agent, servant, and/or employee of a broker, agent or intermediary, regarding the Mulhern action and/or any request by ABC Mortgage for insurance coverage for the claims asserted in the Mulhern action.

7. All documents relating to the general liability policy issued to ABC Mortgage by Scottsdale Insurance Company for the period from December 2000 through December 2003.

8. All documents comprising, constituting, referring, or relating to communications between Scottsdale Insurance Company and any other insurance company regarding the Mulhern action.

9. All documents comprising, constituting, referring, or relating to communications between Scottsdale Insurance Company and ABC Mortgage, its agents, servants, and/or employees, arising out of or related to the Mulhern action.

10. All documents comprising, constituting, or referring to claim manuals and/or other documents relating to the handling of claims that actually or allegedly involve or are in any way related to coverage under the subject policy.

11. Any and all documents that support Scottsdale's Fourth Affirmative Defense that "the policy terms and conditions operate to preclude coverage for the claims tendered by the plaintiff."

12. Any and all documents that support Scottsdale's Fifth Affirmative Defense that the "Plaintiff's claims may be barred, in whole or in part, to the extent that some or all of the claims or matters alleged in the Mulhern Complaint do not constitute "bodily injury" or "property damage" as used in, and defined in, or incorporated into the Policy."

13. Any and all documents that support Scottsdale's Sixth Affirmative Defense that "Plaintiff's claims may be barred, in whole or in part, to the extent that the events or the property damage, bodily injury, or other matters in the Mulhern Complaint, or giving rise to plaintiff's alleged liability, do not constitute an "accident" or "occurrence" as those terms are used in, defined in, and/or incorporated into the Policy."

14. All documents relating to any experts you intend to call at the trial of this matter, including but not limited to: (a) all documents comprising, constituting, or relating to correspondence and communications with such experts; (b) all documents on which the expert(s) relied in reaching opinions you intend to offer into evidence; and (c) a copy of all reports prepared by such expert(s) including all drafts and versions thereof.