UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10816-MLW

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
ABC MORTGAGE CORPORATION                       *
f/k/a  JOHN G. MACLEOD d/b/a ABC               *
MORTGAGE COMPANY, and                          *
JOHN G. MACLEOD,                               *
                                               *
        Plaintiffs,                            *
                                               *
v.                                             *
                                               *
SCOTTSDALE INSURANCE, CO.                      *
                                               *
        Defendant.                             *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

The plaintiff, ABC Mortgage Corporation, formerly known as John G. MacLeod doing business as ABC Mortgage Company, moves the Court pursuant to Fed. R. Civ. P. 15(a) for leave to amend the Complaint in this action to add John G. MacLeod as an additional plaintiff. As grounds for its motion, the plaintiff states as follows:

**I. Background**

In December, 2000, SIC issued a policy of commercial general liability insurance, Policy No. CPS0394681 ("the Policy"). On the declarations page, the Policy identified "ABC Mortgage Company[,] John MacLeod d/b/a" as the named insured. Throughout the remainder of the Policy, the named insured was identified as "ABC Mortgage Company." The Policy was renewed in December, 2001. (*See* Exhibit A to Defendant's Statement of Material Facts in support of Motion

1

for Summary Judgment).

In October, 2002, Thomas Mulhern filed a class action against John G. MacLeod d/b/a ABC Mortgage Company, alleging that ABC had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. (*See* Exhibit C to Defendant's Statement of Material Facts in support of Motion for Summary Judgment). ABC notified SIC, which refused (in December, 2002, and repeatedly thereafter) to provide a defense or indemnity for the Mulhern action. (*See* Exhibit E to Defendant's Statement of Material Facts in support of Motion for Summary Judgment).

In December, 2002, ABC Mortgage Company was incorporated in Massachusetts, and became ABC Mortgage Corporation. (*See* Exhibit 1 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment).

In March, 2004, ABC Mortgage Corporation (formerly known as John G. MacLeod d/b/a ABC Mortgage Company) commenced this action against SIC in Norfolk Superior Court. (*See* Complaint). In its Answer, SIC admitted that the Policy was issued "to ABC Mortgage Company," and did not raise any challenge to ABC Mortgage Corporation's standing to sue, despite including twenty-two other affirmative defenses. (*See* Answer).[1]

On February 15, 2006, SIC filed a motion for summary judgment in which it asserted, for the first time, that ABC Mortgage Corporation "is not a named insured ... and thus simply has no claim for coverage under the Policy." (*See* Defendant's Memorandum in Support of Motion for Summary Judgment, p. 3).

---

[1] SIC removed the case to Federal court shortly after it was filed, and the action was then stayed until mid-2005. At that point, the Court issued a scheduling order, which did not set a deadline for the filing of motions to amend.

## II. **Argument**

Because the Policy identifies "ABC Mortgage Company" as the named insured, and because ABC Mortgage Company is now known as ABC Mortgage Corporation, ABC Mortgage Corporation submits that SIC's assertion is without merit, and that ABC Mortgage Corporation is entitled to coverage under the Policy. In an effort to avoid any further controversy over this tangential issue, however, ABC proposes to amend the complaint to name Mr. MacLeod as an additional plaintiff. Because Mr. MacLeod and ABC Mortgage Company were one and the same during the policy periods, and because the Policy identifies both "ABC Mortgage Company[,] John MacLeod d/b/a" and "ABC Mortgage Company" as named insureds, the inclusion of both Mr. MacLeod and ABC Mortgage Corporation as plaintiffs in this action will dispel any question with regard to which of the two legal entities – Mr. MacLeod or ABC Mortgage Corporation – is the appropriate successor to the rights of "ABC Mortgage Company" under the Policy.

Because this action arises out of actions taken by SIC beginning in December, 2002, the statute of limitations has not yet run as to any of the claims asserted in the Complaint. Thus, SIC cannot point to any potential prejudice which would result from the allowance of the proposed amendment. In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend is "freely given" pursuant to Fed. R. Civ. P. 15(a). *Foman v. Davis*, 371 U.S. 178, 181-182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (noting that decisions on the merits should not be avoided on the basis of "mere technicalities"). None of these factors is present here.

### III. Conclusion

For the foregoing reasons, the defendant, ABC Mortgage Corporation, respectfully requests that its motion be ALLOWED. A copy of the proposed Amended Complaint is filed herewith.

ABC MORTGAGE CORPORATION,
By its attorneys,


/s/ Kerry D. Florio
William D. Chapman, BBO #551261
Kerry D. Florio, BBO# 647489
MELICK, PORTER & SHEA, LLP
28 State Street, 22nd Floor
Boston, MA  02109-1775
(617) 523-6200

Date: March 1, 2006

## CERTIFICATE OF SERVICE

I, Kerry D. Florio, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Kerry D. Florio
Kerry D. Florio

Date: March 1, 2006