UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10816-MLW

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
ABC MORTGAGE CORPORATION    \*
f/k/a  JOHN G. MACLEOD d/b/a ABC   \*
MORTGAGE COMPANY,    \*
\*
    Plaintiff,    \*
v.    \*
\*
SCOTTSDALE INSURANCE, CO.    \*
\*
    Defendant.    \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE AND STAY PLAINTIFF'S CHAPTER 93A CLAIM

ABC Mortgage Corporation f/k/a John G. Macleod d/b/a ABC Mortgage Company ("ABC Mortgage") opposes Scottsdale Insurance Company's ("SIC") motion to bifurcate and stay ABC Mortgage's Chapter 93A claim. Bifurcation and stay of the Chapter 93A claim wastes judicial resources and delays the expeditious resolution of this litigation. Bifurcation and stay will <u>not</u> promote judicial economy because the Chapter 93A claim is <u>independent</u> of a coverage determination. Thus, a bifurcation and stay will only delay the inevitable - discovery relating to whether SIC's coverage denial was made in good faith or whether it was an unfair insurance practice - and prolong this litigation unnecessarily. The defendant's mere assertion of "prejudice" without specifics is not sufficient to warrant bifurcation and stay. Additionally, because SIC moves for summary judgment on ABC Mortgage's Chapter 93A claim, ABC Mortgage requests, pursuant to Fed. R. Civ. P. 56(f), discovery relative to its 93A claim prior to a

ruling on SIC's Motion for Summary Judgment relative to the Chapter 93A claim.

## I. BACKGROUND

On or about November 12, 2002, ABC Mortgage submitted its claim to SIC relative to the lawsuit filed by Thomas Mulhern, individually and on behalf of a class of persons and entities similarly situated, Norfolk Superior Court, Civil Action No. 2005-01619 (formerly Worcester Superior Court, Civil Action No. 02-2218). (See Exhibit D to Defendant's Statement of Undisputed Material Facts) SIC denied coverage. (See Exhibit E to Defendant's Statement of Undisputed Material Facts) On March 28, 2003, ABC Mortgage sent a demand letter to SIC, pursuant to Chapter 93A and Chapter 176D, requesting that SIC defend and indemnify ABC Mortgage. (See Exhibit F to Defendant's Statement of Undisputed Material Facts) ABC Mortgage sent three additional letters requesting a response to its demand. (See Exhibit D to Defendant's Statement of Undisputed Material Facts) Four months later, SIC finally responded to the demand letter on July 30, 2003. SIC again refused to defend or indemnify ABC Mortgage. Ultimately, ABC Mortgage filed suit on or about March 29, 2004. Shortly thereafter, SIC requested that the plaintiff assent to a Temporary Stay of Litigation pending a ruling from the Supreme Judicial Court on the underlying Mulhern matter. The defendant then removed the action to Federal Court on April 26, 2004 and filed an answer on July 9, 2004. At the suggestion of SIC, the instant action was stayed again through October 15, 2004 with the intention of working to resolve the coverage dispute. Again at the suggestion of SIC, the proceeding was stayed through December 31, 2004. The stay was extended through March 16, 2005 in order for the parties to exchange cases and further discuss case resolution. At the expiration of the March 16, 2005 extension, ABC Mortgage concluded that the parties were not making any progress in

resolving the case and requested a Scheduling Conference. The Scheduling Conference was held on June 6, 2005. At SIC's suggestion, the parties continued to engage in discussions to narrow or resolve some of the issues between the parties. With no progress, ABC Mortgage propounded interrogatories and document requests upon SIC on November 8, 2005 and scheduled the 30(b)(6) deposition of SIC for December 14, 2005. (Exhibit A) SIC requested an extension of time through December 23, 2005 to respond to discovery and requested that the deposition be continued as the deponent's schedule was busy. (Exhibit B) Also in December, 2005, ABC Mortgage and SIC reached an agreement regarding duty to defend and SIC agreed to defend ABC Mortgage in the underlying Mulhern action, subject to certain reservations. (Exhibit C) SIC and ABC Mortgage explored whether to further stay this matter pending resolution of the underlying claim. (Exhibit D) SIC agreed that should the declaratory action be pursued, the parties would file an assented to motion to extend the scheduling order for the purpose of allowing the parties sufficient time for discovery that had been suspended, by agreement, during settlement discussions. (Exhibit D) ABC pressed for this discovery with a request for a discovery conference. (Exhibit E) Despite the prior understanding, SIC then discharged its prior counsel, retained new counsel, and moved to bifurcate and stay discovery, in the process providing boilerplate responses which referenced the pending motion. (Exhibit F)

## II. ARGUMENT

A.     BIFURCATION AND STAY OF THE CHAPTER 93A CLAIM DELAYS EXPEDITIOUS RESOLUTION OF THIS MATTER.

SIC fails to establish that bifurcation and stay "will be conducive to expedition and judicial economy" as required by Fed. R. Civ. P. 42(b). SIC's basis for bifurcation and stay is

that the Chapter 93A claim may be moot after the resolution of the coverage claims. This argument fails. First, if the Court finds coverage afforded to ABC Mortgage under the policy, bifurcation and stay serves only to prolong and complicate the resolution of this matter. Second, because ABC Mortgage's claim of bad faith is <u>independent</u> of a determination of coverage, the outcome of the coverage claim will <u>not</u> resolve ABC Mortgage's Chapter 93A claim that SIC's denial of its duty to defend through December 2005 was in bad faith and in violation of Chapter 93A. SIC's vague and unsupported references to judicial economy and prejudice should not distract from SIC's true motivation for bifurcation and stay - an ongoing intent and desire to delay or prevent discovery relating to ABC Mortgage's 93A claim. <u>Klienerman v. United States Postal Service</u>, 100 F.R.D. 66, 68 (1998) (unsupported allegations and bald assertions fail to support stay of discovery); <u>Struthers Scientific International Corp. v. General Foods Corp.</u>, 290 F. Supp. 122, 125 (S.D. Tex 1988) (denying motion to stay where case gives every indication of developing into unduly protracted litigation).

Contrary to SIC's assertion, summary judgment on the question of coverage will <u>not</u> obviate the need for discovery relating to the Chapter 93A claim. The Chapter 93A claim is <u>independent</u> of a coverage determination. Regardless of the coverage determination here, ABC Mortgage suffered harm when SIC failed to defend ABC Mortgage until December 14, 2005. This failure to defend forced ABC Mortgage to file suit to establish a duty to defend and resulted in harm to ABC Mortgage in the form of attorney's fees incurred in pursuing a defense. ABC Mortgage claims that SIC's coverage denial in December 2002, its repeated failures over the next several months to timely <u>or</u> substantively respond to ABC's detailed Chapter 93A allegations and demands, and its three-year delay in assuming the defense of ABC Mortgage is a violation of

Chapter 93A. ABC Mortgage also asserts that this delay may have been willful and knowing, in violation of Chapter 93A, allowing ABC Mortgage to claim double or treble damages.[1]

ABC Mortgage can bring a viable 93A claim that, independent of the coverage determination, SIC engaged in unfair or deceptive insurance practices. Doe v. Liberty Mutual, 423 Mass. 366, 667 NE.2d 1149, 1153 (1996); The Alan Corp. v. International Surplus Lines Ins. Co., 22 F. 3d 339, 343 (1994). ABC Mortgage is entitled to discovery to establish the circumstances of the original denials, what led to the reversal of those denials three years later, and to establish that SIC's denial of its duty to defend and its delay in assuming defense of ABC Mortgage was in bad faith and an unfair insurance practice. See id. Thus, a stay serves only to further delay this discovery and the resolution of this claim.

SIC generally mentions it will be prejudiced by the production of its claim file, but fails to provide any support for such a general assertion. Mere assertions of prejudice are insufficient to warrant bifurcation. The burden is upon the party resisting discovery to demonstrate that the materials sought are protected by any privilege, including the work product privilege, and that prejudice will result from the discovery. Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass.1992), Harris v. Steinberg, No. 93-1373G, 1997 WL 89164 (Mass. Super. 1997). A party cannot assert "prejudice" with only broad, unsubstantiated allegations of harm. Thomas v. Sarfaty, 2001 WL 417280, *4 (Mass.Super.) (Mass.Super. 2001). Here, SIC failed to indicate how it would be unfairly prejudiced by the production of responsive documents. This question of production of documents which may be potentially privileged is better suited for a

---

[1] SIC argues that a 93A claim is unnecessary because, should ABC Mortgage prevail on coverage, it can obtain its attorneys fees. However, Chapter 93A would potentially entitle ABC Mortgage to double or treble damages or a recovery regardless of coverage.

5

motion for a protective order. In any event, a stay of this matter simply delays a determination of what documents in SIC's claim file - documents ABC Mortgage needs to establish its bad faith claim and cannot otherwise obtain - are discoverable. Additionally, SIC fails to provide any indication that bifurcation and the trial of the Chapter 93A claim separately will alleviate any concerns of prejudice.

If SIC intends to maintain that responding to ABC Mortgage's discovery requests relating to this claim is prejudicial, then it is in the interest of judicial economy for the defendant to assert such claims in a motion for a protective order so the Court can determine whether these materials should be produced. A stay of this claim merely delays a determination on this issue that will not be resolved at summary judgment.

B.     BIFURCATION AND STAY OF ABC MORTGAGE'S CHAPTER 93A CLAIM WASTES JUDICIAL RESOURCES.

Bifurcation and stay of ABC Mortgage's Chapter 93A claim wastes judicial resources as it would require two trials. This court may trry common law and Chapter 93A claims simultaneously. See Sanchez v. Witham, 2003 Mass. App. Div. 48, 2003 WL 1880131, *2, quoting Wyler v. Bonnell Motors, Inc., 35 Mass. App. Ct. 563, 566, 624 N.E.2d 116 (1993) (stating it is the "norm as well as the preferred practice for a judge to try common law and Chapter 93A questions simultaneously"). "Bifurcation of common law claim and c. 93A claim has little to commend it." Wyler v. Bonnell Motors, Inc., 35 Mass. App. Ct. 563, 566, 624 N.E.2d 116 (1993). When a Chapter 93A claim is bifurcated, two trials result instead of one, although the facts and witnesses are substantially the same. Id. It is preferred that the judge try both common law and Chapter 93A claims simultaneously, leaving open the possibility of the

judge taking an advisory opinion from the jury on the 93A claim, or deciding the 93A claim independently. Id.; see also W. Oliver Tripp Co. v. Hoeclust Corp., 34 Mass. Ap. Ct. 744, 753, 616 N.E. 2d 118 (1993). It has "long been recognized that a trial judge is capable of compartmentalizing evidence." Sanchez at *2.

C.  ABC MORTGAGE IS ENTITLED TO DISCOVERY REGARDING ITS CHAPTER 93A CLAIM PRIOR TO SUMMARY JUDGMENT.

ABC Mortgage is entitled to discovery relative to its bad faith claim prior to a ruling on summary judgment. Summary judgment is premature when discoverable materials exist which would raise a trial-worthy issue. Price v. General Motors Corp., 931 F.2d 162, 164 (1990). SIC claims that any discovery relating to ABC Mortgage's 93A claim should be stayed pending its Motion for Summary Judgment. Yet, at the same time, SIC moved for summary judgment on the 93A count. ABC Mortgage is entitled to discovery in order to respond to SIC's Motion for Summary Judgment as this discovery will provide facts essential to ABC Mortgage's opposition and will raise trial-worthy issues with respect to the Chapter 93A claim - specifically whether the denial was made in good faith. Id.

ABC Mortgage should not be precluded from obtaining required discovery by Scottsdale's last-minute change of counsel and corresponding last-minute reversal of position as to the previously-noticed discovery going forward. As set-forth in the Assented to Motion to Extend the Scheduling Order Deadlines, ABC Mortgage pursued this discovery by propounding written discovery and noticing the deposition of SIC. Discovery was delayed while the parties endeavored to resolve this claim with the understanding that SIC would respond to ABC Mortgage's discovery requests should those discussions fail. Now, after pressed to respond with

7

a request for a discovery conference, SIC filed a motion to bifurcate and stay and served boilerplate responses that fail to provide any information and only reference the pending motion. SIC's delay tactic should not be rewarded by allowing it to hide behind an unnecessary motion to bifurcate and stay that delays a determination of whether these documents should be produced.

Without discovery from SIC, ABC Mortgage cannot properly respond to SIC's Motion for Summary Judgment relative to its Chapter 93 claim, and pursuant to Rule 56(f) requests discovery in order to respond. Specifically, ABC Mortgage is entitled to obtain claim documents and testimony from the claims examiner, Dean Clause, to establish that SIC's denial of its duty to defend through December 2005 was in bad faith.

### III. CONCLUSION

For the forgoing reasons, the plaintiff, ABC Mortgage Corporation, respectfully requests that the defendant's motion to bifurcate and stay be denied.

> ABC MORTGAGE CORPORATION
> f/k/a JOHN G. MACLEOD d/b/a
> ABC MORTGAGE COMPANY
> By its attorneys,
>
> /s/ Kerry D. Florio
> William D. Chapman, BBO#: 551261
> Michael R. Byrne, BBO#: 558899
> Kerry Florio, BBO#: 647489
> MELICK, PORTER & SHEA, LLP
> 28 State Street
> Boston, MA 02109
> (617) 523-6200
> kflorio@melicklaw.com

Dated: March 1, 2006

## CERTIFICATE OF SERVICE

I, Kerry D. Florio, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 1, 2006.

/s/ Kerry D. Florio
Kerry D. Florio