# EXHIBIT O

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD
d/b/a ABC MORTGAGE COMPANY,

    Plaintiff

v.

SCOTTSDALE INSURANCE COMPANY,
    Defendant

Civil Action No. 04-10816-MLW

### DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ANSWERS TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, ABC MORTGAGE CORPORATION F/K/A JOHN G. MACLEOD D/B/A ABC MORTGAGE COMPANY

**INTERROGATORY NO. 1:**

Please identify yourself fully, stating your full name, date of birth, social security number, residential address, business address, occupation, and relationship to Scottsdale Insurance Company ("Scottsdale").

**ANSWER NO. 1:**

Defendant Scottsdale Insurance Company objects to this interrogatory on the grounds that it seeks irrelevant and confidential information and is overly intrusive. Without waiving this objection, the interrogatory is answered as follows: Dean Clause, Senior Claims Specialist, Scottsdale Insurance Company, Scottsdale, Arizona.

**INTERROGATORY NO. 2:**

Please identify each and every person who assisted you with the preparation of these answers, stating for each person their full name, address, occupation, and relationship to Scottsdale.

**ANSWER NO. 2:**

George C. Rockas, the attorney for Scottsdale Insurance Company.

**INTERROGATORY NO. 3:**

Please identify all documents which Scottsdale intends to introduce as evidence during the trial of the captioned matter.

53024.1

**ANSWER NO. 3:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this interrogatory is premature. Further objecting, this interrogatory calls for work product.

**INTERROGATORY NO. 4:**

Please state the full name and last known address, giving street, number, city and state of every witness known to Scottsdale or to its attorneys who has any knowledge regarding the facts alleged in the Complaint, including, but not limited to, eyewitnesses to such events and other persons having knowledge of the events.

**ANSWER NO. 4:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the court. Until and unless that motion is denied, this interrogatory is premature. Further objecting, the interrogatory is overly broad and unduly burdensome and seeks information which is not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

If Scottsdale, its agents, servants, employees or anyone acting on its behalf has ever spoken to any alleged witnesses named in your answer to the pervious interrogatory, please state:

 a. the names and addresses of all persons participating in the making of each such conversation or statement, including the names and addresses of all other persons present at the time that each such conversation or statement was made;

 b. the date, time and place that each such conversation or statement was made; and

 c. the substance of each such conversation or statement and a full description of any documentation of each such conversation or statement, including each and every recording, photograph, drawing and signed or unsigned document which reflects, represents or pertains to same.

**ANSWER NO. 5:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the court. Until and unless that motion is denied, this interrogatory is premature. Further objecting, the interrogatory is overly broad and unduly burdensome and seeks information which is not calculated to lead the discovery of admissible evidence. Without waiving these objections, defendant Scottsdale has not spoken to any third party witnesses about the allegations in the Complaint.

53024.1

**INTERROGATORY NO. 6:**

For each expert witness whom Scottsdale expects to call at the trial of this action, and whom it has retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state:

    a.    the name, business address, residential address, educational and employment history;

    b.    the subject matter on which each such expert witness is expected to testify or was retained or employed to consider;

    c.    the substance of the facts and opinions to which each such expert is expected to testify or was retained or employed to consider; and

    d.    a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

**ANSWER NO. 6:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the court. Until and unless that motion is denied, this interrogatory is premature. Without waiving this objection, defendant Scottsdale states that it has not decided who it will call as an expert in this case.

**INTERROGATORY NO. 7:**

If any agent, servant, or employee of Scottsdale has given any statements (including any statement under oath or examination under oath), whether oral or written, to any person or entity, in connection with any investigation of the accident alleged in the plaintiff's Complaint, or the claims asserted in the Complaint, please state:

    a.    the date of the statement;

    b.    the person or entity who took the statement;

    c.    whether the statement was oral or in writing; and

    d.    if the statement was recorded or transcribed, and whether Scottsdale has a copy of the statement.

**ANSWER NO. 7:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the court. Until and unless that motion is denied, this interrogatory is premature. Further objecting, this interrogatory calls for work product. Without waiving this objection, Scottsdale states that none of its agents, servants or employees have given any statements relating to the Complaint.

**INTERROGATORY NO. 8:**

Please identify in detail with particularity each communication which any agent, servant, or employee of Scottsdale has had with ABC Mortgage Corporation and/or John MacLeod, Jr. d/b/a ABC Mortgage Company (MacLeod") and/or his agents, servants, or employees regarding insurance for the Mulhern claim as described in the Complaint in this matter, stating for each communication:

    a.    the parties to the communication;

    b.    the date and time of the communication;

    c.    the location of the communication;

    d.    the method of communication; and

    e.    the substance of the communication.

**ANSWER NO. 8:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, the interrogatory is premature. Further objecting, this interrogatory is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**

Please identify in detail and with particularity each communication which any agent, servant, or employee of Scottsdale has had with Dailey Tax and Insurance, Inc. and/or Maureen Gibbons d/b/a Dailey Tax and Insurance Service regarding insurance for ABC Mortgage Company and/or John MacLeod and/or the Mulhern claim as described in the Complaint at any time from October 2000 to the present, stating for each communication:

    a.    the parties to the communication;

    b.    the date and time of the communication;

    c.    the location of the communication;

    d.    the method of the communication; and

4

53024.1

  e.  the substance of the communication.

**ANSWER NO. 9:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, the interrogatory is premature. Further objecting, this interrogatory is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**

Please state in detail and with particularity the basis for Scottsdale's denial of the Mulhern claim, including in your answer each and every fact upon which you rely to support your denial, and each and every policy provision that supports your denial.

**ANSWER NO. 10:**

The basis for Scottsdale's denial of claim is outlined in its memorandum in support of its summary judgment motion now pending before the court. In addition, please see December 3, 2002 letter from Charles Buchanan of Scottsdale to John MacLeod and December 14, 2005 letter from Catherine O'Donnell to Kerry Florio. Plaintiff is referred to those documents, copies of which are in its possession.

**INTERROGATORY NO. 11:**

Please describe in detail and with particularity the investigation performed by Scottsdale prior to the denial of the subject loss as referenced in the Complaint.

**ANSWER NO. 11:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, the interrogatory is premature. Further objecting, this interrogatory is overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

Please identify and state in full any and all Scottsdale underwriting guidelines and regulations in effect in 2000, 2001, and 2002, which relate to the coverage under a commercial general liability policy.

53024.1

**ANSWER NO. 12:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this interrogatory is premature. Further objecting, said interrogatory seeks confidential business information and information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:**

Please identify and describe in detail any and all Scottsdale procedures, rules and regulations in effect in 2000, 2001, and 2002, relative to coverage under Commercial General Liability policies.

**ANSWER NO. 13:**

Defendant Scottsdale objects to this interrogatory on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, the interrogatory is premature. Further objecting, said interrogatory seeks confidential business information and information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Please describe in full and complete detail each and every fact that supports your Fifth Affirmative Defense.

**ANSWER NO. 14:**

No property damage occurred to the fax machines that were the recipient of the "blasted faxes" or to any other property as the term "property damage" is defined in the Policy. See also interrogatory answer no. 10 and documents identified therein, copies of which are in plaintiff's possession.

**INTERROGATORY NO. 15:**

Please describe in full and complete detail each and every fact that supports your Sixth Affirmative Defense.

**ANSWER NO. 15:**

See interrogatory answer no. 10 and documents identified therein, copies of which are in plaintiff's possession.

**INTERROGATORY NO. 16:**

Please describe in full and complete detail each and every fact that supports your Seventh Affirmative Defense.

6

53024.1

### ANSWER NO. 16:

If the "fax blasting" occurred outside the Scottsdale policy period no coverage exists for property damage caused by that blasting under the terms of the Policy.

### INTERROGATORY NO. 17:

Please describe in full and complete detail each and every fact that supports your Eighth Affirmative Defense.

### ANSWER NO. 17:

See interrogatory answer no. 10 and documents identified therein, copies of which are in plaintiff's possession.

### INTERROGATORY NO. 18:

Please describe in full and complete detail each and every fact that supports your Eleventh Affirmative Defense.

### ANSWER NO. 18:

No facts known at this time which support this defense. Scottsdale reserves the right to supplement at a later time if necessary.

Signed under the penalties of perjury this 15th day of February, 2006 after making inquiry of Scottsdale Insurance Company's agents and employees.

SCOTTSDALE INSURANCE COMPANY

BY: [signature]

As to objections:

[signature: Michele Carlucci]

George C. Rockas, BBO#544009
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

7

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury

DATED: 2/15/06

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABC MORTGAGE CORPORATION<br>f/k/a JOHN G. MACLEOD<br>d/b/a ABC MORTGAGE COMPANY,<br><br>          Plaintiff<br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br>          Defendant | Civil Action No. 04-10816-MLW |

**SCOTTSDALE INSURANCE COMPANY'S**
**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

A copy of the general liability policy issued to John MacLeod and/or ABC Mortgage Company (herein after "ABC Mortgage"), by Scottsdale Insurance Company for the period from December 2000 through December 2003, including all endorsements thereto.

**RESPONSE NO. 1:**

Defendant Scottsdale Insurance Company ("SIC") will produce the policy for the policy periods at issue.

**REQUEST NO. 2:**

A complete copy of your underwriting file for the general liability policy issued to ABC Mortgage by Scottsdale Insurance Company.

**RESPONSE NO. 2:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

A complete copy of your claim file for the claim brought against ABC Mortgage by Thomas Mulhern (hereinafter "Mulhern action"), Scottsdale Claim No. 825650-30, including all

53025.1

this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

All documents comprising, constituting or referring to claim manuals and/or other documents relating to the handling of claims that actually or allegedly involve or are in any way related to coverage under the subject policy.

**RESPONSE NO. 10:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**

Any and all documents that support Scottsdale's Fourth Affirmative Defense that "the policy terms and conditions operate to preclude coverage for the claims tendered by the plaintiff."

**RESPONSE NO. 11:**

Defendant Scottsdale objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege. Without waiving this objection, defendant Scottsdale will produce a copy of the policy and a copy of the Complaint in the Mulhern action.

**REQUEST NO. 12:**

Any and all documents that support Scottsdale's Fifth Affirmative Defense that the "Plaintiff's claims may be barred, in whole or in part, to the extent that some or all of the claims or matters alleged in the Mulhern Complaint do not constitute "bodily injury" or "property damage" as used in, and defined in, or incorporated into the Policy."

**RESPONSE NO. 12:**

Defendant Scottsdale objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege. Without waiving this objection, defendant Scottsdale will produce a copy of the policy and a copy of the Complaint in the Mulhern action. In addition, plaintiff already has in its possession a December 3, 2002 letter from Dean Clause to John MacLeod and a December 14, 2005 letter from Catherine O'Donnell to Kerry Florio.

**REQUEST NO. 13:**

Any and all documents that support Scottsdale's Sixth Affirmative Defense that "Plaintiff's claims may be barred, in whole or in part, to the extent that the events or the property damage, bodily injury, or other matters in the Mulhern Complaint, or giving rise to plaintiff's alleged liability, do not constitute an "accident" or "occurrence" as those terms are used in, defined in, and/or incorporated into the Policy."

**RESPONSE NO. 13:**

Defendant Scottsdale objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege. Without waiving this objection, defendant Scottsdale will produce a copy of the policy and a copy of the Complaint in the Mulhern action. In addition, plaintiff already has in its possession a December 3, 2002 letter from Dean Clause to John MacLeod and a December 14, 2005 letter from Catherine O'Donnell to Kerry Florio.

**REQUEST NO. 14:**

All documents relating to any experts you intend to call at the trial of this matter, including but not limited to: (a) all documents comprising, constituting or relating to correspondence and communications with such experts; (b) all documents on which the expert(s) relied in reaching opinions you intend to offer into evidence; and (c) a copy of all reports prepared by such expert(s) including all drafts and versions thereof.

**RESPONSE NO. 14:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence. Further objecting, defendant Scottsdale states that this request seeks information outside the scope of discovery allowed by Fed. R. Civ. P. 26.

SCOTTSDALE INSURANCE CO.

By its attorneys,

_Michele Carlucci_
George C. Rockas, BBO #544009
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

5

53025.1

## CERTIFICATE OF SERVICE

I, Michele Carlucci, hereby certify that on February 15, 2006, I served the foregoing *Scottsdale Insurance Company's Response to Request for Production of Documents* by mailing the same via first class mail, postage prepaid, to the following:

Kerry D. Florio, Esq.
Melick, Porter & Shea LLP
28 State Street
Boston, MA 02109-1775

*/s/ Michele Carlucci*
Michele Carlucci

6

53025.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ABC MORTGAGE CORPORATION
f/k/a JOHN G. MACLEOD
d/b/a ABC MORTGAGE COMPANY,

      Plaintiff

v.

SCOTTSDALE INSURANCE COMPANY,
      Defendant

Civil Action No. 04-10816-MLW

**SCOTTSDALE INSURANCE COMPANY'S
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
ATTACHED TO DEPOSITION NOTICE**

**REQUEST NO. 1:**

A copy of the general liability policy issued to John MacLeod and/or ABC Mortgage Company (herein after "ABC Mortgage"), by Scottsdale Insurance Company for the period from December 2000 through December 2003, including all endorsements thereto.

**RESPONSE NO. 1:**

Defendant Scottsdale Insurance Company ("SIC") will produce the policy for the policy periods at issue.

**REQUEST NO. 2:**

A complete copy of your underwriting file for the general liability policy issued to ABC Mortgage by Scottsdale Insurance Company.

**RESPONSE NO. 2:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

A complete copy of your claim file for the claim brought against ABC Mortgage by Thomas Mulhern (hereinafter "Mulhern action"), Scottsdale Claim No. 825650-30, including all

53180.1

memorandum, notes, computer files, correspondence and other documents relating to settlement evaluation, strategy and negotiations.

**RESPONSE NO. 3:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further responding, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence. Further objecting, defendant SIC states that this request seeks confidential and/or privileged information and work product.

**REQUEST NO. 4:**

All documents that relate to the plaintiff's claims in the Mulhern action.

**RESPONSE NO. 4:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

All documents that relate to your investigation, analysis, evaluation and/or decision as to whether to assume or deny a duty to defend (whether or not under a reservation of rights) to ABC Mortgage under the Scottsdale Insurance Company policy for the claims asserted in the Mulhern action.

**RESPONSE NO. 5:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

All documents constituting, referring or relating to communications with any insurance broker and/or agent and/or intermediary and/or any agent, servant, and/or employee of a broker, agent or intermediary, regarding the Mulhern action and/or any request by ABC Mortgage for insurance coverage for the claims asserted in the Mulhern action.

53180.1

**RESPONSE NO. 6:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request is overly broad and seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

All documents relating to the general liability policy issued to ABC Mortgage by Scottsdale Insurance Company for the period from December 2000 through December 2003.

**RESPONSE NO. 7:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request is overly broad and seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:**

All documents comprising, constituting, referring or relating to communications between Scottsdale Insurance Company and any other insurance company regarding the Mulhern action.

**RESPONSE NO. 8:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request is overly broad and seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

All documents comprising, constituting, referring or relating to communications between Scottsdale Insurance Company and ABC Mortgage, its agent, servants and/or employees, arising out of or related to the Mulhern action.

**RESPONSE NO. 9:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that

this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

All documents comprising, constituting or referring to claim manuals and/or other documents relating to the handling of claims that actually or allegedly involve or are in any way related to coverage under the subject policy.

**RESPONSE NO. 10:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**

Any and all documents that support Scottsdale's Fourth Affirmative Defense that "the policy terms and conditions operate to preclude coverage for the claims tendered by the plaintiff."

**RESPONSE NO. 11:**

Defendant Scottsdale objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege. Without waiving this objection, defendant Scottsdale will produce a copy of the policy and a copy of the Complaint in the Mulhern action.

**REQUEST NO. 12:**

Any and all documents that support Scottsdale's Fifth Affirmative Defense that the "Plaintiff's claims may be barred, in whole or in part, to the extent that some or all of the claims or matters alleged in the Mulhern Complaint do not constitute "bodily injury" or "property damage" as used in, and defined in, or incorporated into the Policy."

**RESPONSE NO. 12:**

Defendant Scottsdale objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege. Without waiving this objection, defendant Scottsdale will produce a copy of the policy and a copy of the Complaint in the Mulhern action. In addition, plaintiff already has in its possession a December 3, 2002 letter from Dean Clause to John MacLeod and a December 14, 2005 letter from Catherine O'Donnell to Kerry Florio.

**REQUEST NO. 13:**

Any and all documents that support Scottsdale's Sixth Affirmative Defense that "Plaintiff's claims may be barred, in whole or in part, to the extent that the events or the property damage, bodily injury, or other matters in the Mulhern Complaint, or giving rise to plaintiff's alleged liability, do not constitute an "accident" or "occurrence" as those terms are used in, defined in, and/or incorporated into the Policy."

**RESPONSE NO. 13:**

Defendant Scottsdale objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege. Without waiving this objection, defendant Scottsdale will produce a copy of the policy and a copy of the Complaint in the Mulhern action. In addition, plaintiff already has in its possession a December 3, 2002 letter from Dean Clause to John MacLeod and a December 14, 2005 letter from Catherine O'Donnell to Kerry Florio.

**REQUEST NO. 14:**

All documents relating to any experts you intend to call at the trial of this matter, including but not limited to: (a) all documents comprising, constituting or relating to correspondence and communications with such experts; (b) all documents on which the expert(s) relied in reaching opinions you intend to offer into evidence; and (c) a copy of all reports prepared by such expert(s) including all drafts and versions thereof.

**RESPONSE NO. 14:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence. Further objecting, defendant Scottsdale states that this request seeks information outside the scope of discovery allowed by Fed. R. Civ. P. 26.

SCOTTSDALE INSURANCE CO.

By its attorneys,

*/s/ Michele Carlucci*

George C. Rockas, BBO #544009
Michele Carlucci, BBO#655211
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

5

53180.1

memorandum, notes, computer files, correspondence and other documents relating to settlement evaluation, strategy and negotiations.

**RESPONSE NO. 3:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further responding, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence. Further objecting, defendant SIC states that this request seeks confidential and/or privileged information and work product.

**REQUEST NO. 4:**

All documents that relate to the plaintiff's claims in the Mulhern action.

**RESPONSE NO. 4:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

All documents that relate to your investigation, analysis, evaluation and/or decision as to whether to assume or deny a duty to defend (whether or not under a reservation of rights) to ABC Mortgage under the Scottsdale Insurance Company policy for the claims asserted in the Mulhern action.

**RESPONSE NO. 5:**

Defendant SIC objects to this request on the grounds that a motion to bifurcate and stay discovery is currently pending before the Court. Until and unless that motion is denied, this discovery is premature. Further answering, defendant SIC further objects on the grounds that this request seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

All documents constituting, referring or relating to communications with any insurance broker and/or agent and/or intermediary and/or any agent, servant, and/or employee of a broker, agent or intermediary, regarding the Mulhern action and/or any request by ABC Mortgage for insurance coverage for the claims asserted in the Mulhern action.

53025.1

## CERTIFICATE OF SERVICE

I, Michele Carlucci, hereby certify that on February 15, 2006, I served the foregoing *Scottsdale Insurance Company's Response to Request for Production of Documents Attached to Deposition Notice* by mailing the same via first class mail, postage prepaid, to the following:

Kerry D. Florio, Esq.
Melick, Porter & Shea LLP
28 State Street
Boston, MA 02109-1775

_____
Michele Carlucci

6

53180.1