UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABC MORTGAGE CORPORATION<br>f/k/a JOHN G. MACLEOD<br>d/b/a ABC MORTGAGE COMPANY,<br><br>              Plaintiff<br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br>              Defendant | Civil Action No. 04-10816-MLW |

**ANSWER OF SCOTTSDALE INSURANCE COMPANY TO ABC MORTGAGE CORPORATION'S AMENDED COMPLAINT**

Defendant, Scottsdale Insurance Company (" Scottsdale"), by its undersigned counsel, responds to Plaintiff ABC Mortgage ("ABC") complaint as follows:

1. Scottsdale is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Scottsdale is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Admitted that Scottsdale is an Ohio corporation. Scottsdale denies the remaining allegations contained in paragraph 3.

4. Scottsdale admits that it issued Commercial Liability Policy Number CPS0394681 (the "Policy") to ABC Mortgage Company for the period December 14, 2000 through December 14, 2001. Scottsdale further states that the Policy speaks for itself and, therefore, denies the allegations contained in paragraph 4 as stated.

54390.1

5. Scottsdale admits that the Policy was renewed for the period December 14, 2001 through December 14, 2002. Scottsdale further states that the Policy speaks for itself and, therefore, denies the allegations contained in paragraph 5 as stated.

6. Scottsdale denies paragraph 6 as stated. Scottsdale states that its insurance policies speak for themselves.

7. Scottsdale is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 of the Complaint. Scottsdale admits the allegations in the second sentence of said paragraph and denies the remainder of the allegations in said paragraph.

8. Scottsdale is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Admitted that Thomas Mulhern filed a complaint on or about October 16, 2002 in Worcester Superior court ("Mulhern Complaint"). Scottsdale further states the Mulhern Complaint is a legal document which speaks for itself and, therefore, denies the remaining allegations of paragraph 9.

10. Scottsdale states that Mulhern Complaint is a legal document that speaks for itself and, therefore, denies the remaining allegations in paragraph 10.

11. Scottsdale states that the Mulhern Complaint is a legal document that speaks for itself and, therefore, denies the remaining allegations of paragraph 11.

12. Scottsdale admits that on or about November 12, 2002, it received notice of the Mulhern Complaint.

54390.1

13. Admitted that Scottsdale denied coverage for the allegations in the Mulhern Complaint. Scottsdale denies plaintiff's characterization of the denial. Scottsdale's denial letter is a document which speaks for itself.

14. Admitted that Scottsdale received a letter from counsel for ABC demanding defense and indemnification. Scottsdale denies that plaintiff's purported G.L. c. 93A demand letter was "proper."

15. Denied.

16. Denied.

17. Admitted that Scottsdale received a letter from ABC's counsel dated on or about June 5, 2003. Scottsdale denies the remainder of plaintiff's allegations contained in paragraph 17 as stated.

18. Admitted that on or about June 6, 2003, Mr. Clause of Scottsdale communicated with counsel for ABC. Scottsdale denies the remainder of plaintiff's allegations contained in paragraph 18 as stated.

19. Admitted that Scottsdale received a letter from ABC's counsel dated on or about July 8, 2003. Scottsdale denies the remainder of plaintiff's allegations contained in paragraph 19 as stated.

20. Admitted that Scottsdale received a letter from counsel for ABC on or about July 21, 2003, demanding defense and indemnification. Scottsdale denies that plaintiff's purported demand letter pursuant to G.L. c.93A was "proper."

21. Admitted that Scottsdale apprised ABC's counsel of the status of the coverage investigation. Scottsdale's correspondence is a document which speaks for itself.

54390.1

22. Admitted that Scottsdale informed ABC on or about July 30, 2003, that coverage did not exist for defense and indemnification for the Mulhern Complaint.

23. Denied.

24. Admitted that Scottsdale received a letter from counsel for ABC on or about August 14, 2003, demanding defense and indemnification. Scottsdale denies that plaintiff's purported demand letter pursuant to G.L. c. 93A was "proper."

25. Denied.

26. Admitted that on or about October 6, 2003, Scottsdale's coverage counsel communicated Scottsdale's response to ABC's August 14, 2004 letter.

27. Scottsdale reasserts and incorporates herein through reference its answers to paragraphs 1 through 26 of plaintiff's complaint.

28. Admitted only that Scottsdale issued CGL policy no. CPS0394681 to ABC Mortgage for the policy period December 14, 2000 through December 14, 2001. That policy was renewed by renewal certificate for the period December 14, 2001 through 2002.

29. Denied. The Scottsdale policy is a document which speaks for itself. The insuring agreement provides the parameters for coverage.

30. Denied.

31. Denied.

WHEREFORE, answering defendant, Scottsdale, demands judgment in its favor, plus costs and attorneys fees and also requests that plaintiff's complaint be dismissed with prejudice.

54390.1

## Count II – Breach of Contract

32. Scottsdale reasserts and incorporates herein through reference its answers to paragraphs 1 through 31 of plaintiff's complaint.

33. Admitted only that Scottsdale issued CGL policy no. CPS0394681 to ABC Mortgage for the policy period December 14, 2000 through December 14, 2001. That policy was renewed by renewal certificate for the period December 14, 2001 through December 14, 2002.

34. The Scottsdale policy is a document which speaks for itself.

35. Denied. The Scottsdale policy is a document which speaks for itself. The insuring agreement provides the parameters for coverage.

36. Denied.

37. Denied.

## Count III – Violation of General Law chapter 93A

38. Scottsdale reasserts and incorporates herein through reference its answers to paragraphs 1 through 37 of plaintiff's complaint.

39. Denied.

40. Denied.

41. Paragraph 41 of the Complaint states a legal conclusion and does not require a response.

WHEREFORE, answering defendant, Scottsdale, demands judgment in its favor, plus costs and attorneys fees and also requests that plaintiff's complaint be dismissed with prejudice.

54390.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action against Scottsdale upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Scottsdale did not violate any duty owed to, or right of, the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The policies terms and conditions operate to preclude coverage for the claims tendered by plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent that some or all of the claims or matters alleged in the Mulhern Complaint do not constitute "bodily injury" or "property damage" as used in, defined in, or incorporated into the Policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent that the events or the property damage, bodily injury, or other matters alleged in the Mulhern Complaint, or giving rise to plaintiff's alleged liability, do not constitute an "accident" or "occurrence" as those terms are used in, defined in, and/or incorporated into the Policy.

54390.1

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that any alleged bodily injury, property damage, and/or occurrence for which plaintiff seeks coverage did not take place during the policy period of the Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that any property damage, bodily injury, or event resulting in such injury or damage was expected or intended by plaintiff or otherwise was non-fortuitous.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff knew or should have known of any loss, risk, condition, damage, or injury at the time the Policy was issued or renewed and/or to the extent that any loss, risk, condition, damage, or injury had already commenced or was in progress on or before the inception or renewal of the Policy.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Scottsdale are barred to the extent that the plaintiff has failed to mitigate, minimize or avoid any damage it allegedly sustained and recovery against Scottsdale must be reduced by that amount.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff may have failed to perform fully all of the obligations contained in or incorporated into the Policy or to comply fully with the terms, obligations, and conditions contained in or incorporated into the Policy.

54390.1

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff seeks indemnity in excess of the limits of liability of the Policy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that other insurance exists, such insurance may be obligated to defend and indemnify plaintiff for any and all events or claims alleged. The Policy issued to plaintiff may not cover the events and claims alleged in the Mulhern Complaint or otherwise may be limited to the extent that other such insurance exists.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver, releases, ratification, laches, estoppel, and/or unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that any alleged claim or loss arises from plaintiff's actions, omissions, or other conduct that is or was in violation of federal, state, and/or local law, statutes, regulations, or public policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that any claim or loss is, or results from, the imposition of civil or other fines, penalties, or punitive damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff seeks reimbursement for expenditures, liabilities, and obligations that do not constitute "damages" within the meaning of that term as used in or incorporated into the Policy.

54390.1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff has voluntarily paid or assumed an obligation to pay or has incurred any expense without notice to Scottsdale and/or to the extent that plaintiff has not received Scottsdale's consent or approval.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in or incorporated into the Policy.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, to the extent that plaintiff has impaired or prejudiced any right to subrogation, indemnification, or contribution that Scottsdale has or may have had.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that it is determined that plaintiff (or its agents or representatives) misrepresented, failed to disclose, or omitted material facts regarding plaintiff's acts, practices, conditions, or other material information in connection with any application for insurance or in connection with the issuance or renewal of the Policy or regarding any risk assumed under the Policy, plaintiff's claims may be barred, in whole or in part, insofar as Scottsdale relied upon such misrepresentation or omission in issuing and/or renewing any such policy.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Mulhern Complaint does not describe the allegations against Scottsdale with sufficient particularity to permit Scottsdale to determine all defenses it has in response to the Complaint. Scottsdale therefore reserves the right to assert all defenses that may be pertinent to the Complaint once the precise nature of plaintiff's claims are ascertained through investigation and discovery.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

No coverage exists for the acts described in the Mulhern Complaint because these acts are in violation of a statute and thus are illegal. Illegal acts cannot be the subject of insurance.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

It is against the public policy of the United States and the Commonwealth of Massachusetts to insure activities which violate the Telephone Consumer Protection Act.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the plaintiff has failed to comply with the demand requirements of Mass. Gen. Laws Chapter 93A and therefore, the plaintiff is barred from recovery.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the plaintiff's claims for violation of Mass. Gen. Laws Chapter 93A is barred is barred as any injury or damage was not caused by any alleged unfair deceptive act or practice.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that the plaintiff's claim for exemplary damages under Massachusetts law, without bifurcating the trial and trying all exemplary damages issues only if and after liability on the merits has been found, would violate the defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Massachusetts Constitution and would be improper under the common law and public policies of the Commonwealth of Massachusetts and under applicable court rules and statutes.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the defendant states that each claim for exemplary damages violates the Due Process Clause of the Fifth Amendment of the Constitution of the United States, the Sixth Amendment, the right to trial by jury of the Seventh Amendment as applied on quasi criminal actions of the proportionality principles contained in the Eighth Amendment, the Due Process Clause of the fourteenth Amendment, and Article 1, Section 1, 2, 5, 6 and 11 of the Constitution of the Commonwealth of Massachusetts for the following reasons, jointly and separately:

    a.    There are no standards provided by Massachusetts law for the imposition of exemplary damages and, therefore, the defendant has not been put on notice and given the opportunity to anticipate punitive liability or the potential size of an award and to modify or conform its conduct accordingly.

    b.    The procedures to be followed would permit an award of exemplary damages against this defendant upon the satisfaction of a burden of

11

   persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability.

c.  The procedures to be followed would permit the award of multiple exemplary damages for the same act or omission.

d.  There are no provisions for clear and consistent appellate standards of review of any award of exemplary damages against this defendant under present Massachusetts law.

e.  The standards of conduct upon which exemplary damages are sought against this defendant are vague and ambiguous.

f.  The procedures used by Massachusetts courts, and guidelines given to the jurors, jointly and separately, are vague and ambiguous and thus impermissibly delegate to jurors basic policy matters, impermissibly allows jurors broad, unlimited and undefined power to make determinations on their motions of what the law should be instead of what it is; and failed to eliminate the effects of, and to guard against, impressible juror passion.

g.  Present Massachusetts law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award exemplary damages and, if so, the amount to be awarded.

h.  Present Massachusetts law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of exemplary damages.

    i.    Present Massachusetts law does not provide for adequate and independent review by the trial court and the appellate court for the imposition of exemplary damages by a jury or of the amount of any exemplary damages awarded by a jury.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As a further defense, the defendant states that the imposition of exemplary damages in this case violates the Equal Protection Cause of the Fifth and Fourteenth Amendments of the Constitution of the United States and deprives this defendant of the right to equal protection under the laws provided in Article 1, Sections 1, 6 and 11 of the Constitution of the Commonwealth of Massachusetts for the following reasons, jointly and separately:

    a.    The procedures to be followed would permit the awarding of exemplary damages against this defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability.

    b.    The absence of sufficiently specific and objective standards for the imposition of exemplary damages fails to insure the equality of treatment between and amount similarly situated civil defendants.

    c.    The defendant, without procedural protections, is compelled to disclose documents and/or evidence without constitutional safeguards against self-incrimination, whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to

disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

**THIRTIETH AFFIRMATIVE DEFENSE**

At all times referred to in the Amended Complaint, actions taken by Scottsdale Insurance Company with respect to adjusting the claim at issue were fair, reasonable and based, at least in part, upon the advice of outside counsel.

**WHEREFORE**, Scottsdale Insurance Company hereby requests judgment:

1. Ordering that plaintiff take nothing by way of its Complaint on any of the claims for relief alleged therein;

2. Dismissing with prejudice plaintiff's complaint; and

3. Awarding Scottsdale such other and further relief as this Court deems just and proper.

    Respectfully submitted

    SCOTTSDALE INSURANCE CO.

    By its attorneys,

    */s/ George C. Rockas*
    George C. Rockas, BBO #544009
    Michele Carlucci, BBO#655211
    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
    155 Federal Street
    Boston, MA 02110
    (617) 422-5300

54390.1

**CERTIFICATE OF SERVICE**

  I, George C. Rockas, hereby certify that on March 31st, 2006, I electronically filed the foregoing *Answer of Scottsdale Insurance Company to ABC Mortgage Corporation's Amended Complaint* and caused to be served a courtesy copy of the same to counsel of record by mailing the same via first class mail, postage prepaid, to the following:

Kerry D. Florio, Esq.
Melick, Porter & Shea LLP
28 State Street
Boston, MA 02109-1775

                 */S/ George C. Rockas*
                 George C. Rockas

54390.1